CHIEF JUSTICE PETERS
delivered the opinion of the court.
Prior to the 26th of October, 1867, several persons, creditors of John M. Alexander, instituted actions in the Woodford Circuit Court against him, and procured orders of attachment ■against his estate, on the ground that he had been absent from the state for more than four months.
It seems that the defendant had no real estate in Kentucky, but that he had rented a farm from S. P. Porter in Woodford County, where he with' his wife and five children was residing and keeping house, and where he left his family in January, 1867, when he left with horses,' mules, and sheep for the New Orleans market; and his wife and children remained on the place rented by him of Porter and continued to keep house.
*395 All the attachments but two were placed in the hands of W. W. George, sheriff of Woodford County, and after setting apart for the use of the family such property of bona fide housekeepers as is exempt by law from seizure by execution or attachment, as he (George) proves, he levied the attachments on the residue of said Alexander’s property, or so much thereof as he deemed necessary to satisfy the debts for which said orders of attachment were obtained.
Afterward an attachment was sued out by appellee against Alexander, and was placed in the hands of -Redd, coroner of said county, to execute, and he levied it on the property which had been set apart by George, the sheriff, for the use of the family as exempt from attachment, and perhaps on other property.
On the — of October, 1867, the attachments in the six cases first named were sustained on the ground that the defendant Alexander had been absent since January, 1867; and after deciding on and fixing the amount owing by him to the several creditors named the court ordered and adjudged that, as the property on which the attachments were levied was of a perishable nature, it should be' sold by said W. W. George, prescribing the terms, place, and manner of the sale; and it was further adjudged that it appeared from the return of the attachments in the case of Forsythe against Alexander, and of--against the same (the name of the plaintiff not given in the transcript before us), that they were levied by John W. Redd, coroner of Woodford County; that said Redd should deliver to the sheriff the property levied on by him, to be sold by the'sheriff as in said judgment directed, etc., closing the judgment in these words: “ The questions as to priority of liens and other questions not herein decided arising in these suits are reserved, and these cases are continued.”
The commissioner (George) sold the property as directed *396 by the judgment aforesaid, and. made an intelligent, comprehensive, and satisfactory report thereof, setting forth each article sold, the price, and the name of the purchaser; and his report contains the articles levied on by Redd, the coroner, and which he sold under said judgment.
At the sale made by George as aforesaid Mrs. Sarah H. Myers purchased property to the amount of 1314.90, for which she executed her bond with the said Forsythe as her surety. Afterward Mrs. Myers filed her petition in the Woodford Circuit Court and enjoined the collection of said bond, charging that the property for which she executed her bond was in fact bid in by Mrs. Alexander, the wife of said J. M. Alexander, by the advice and at the request of said Forsythe, for whose benefit it was being sold, and that she executed her bond- for the price of said property purchased by Mrs. Alexander at the instance of Forsythe, who told her at the time that the money was going to him; that she never-should pay one cent on said bond, and that he would have it indorsed “ satisfied; ” and that she was induced by said statement and assurances of said Forsythe to execute said bond; that she received no benefit from the property purchased by Mrs. Alexander, and no consideration passed to her.
Forsythe in his answer denies the material allegations of Mrs. Myers’s- petition.
In October, 1870, Mrs. Frances C. Alexander, wife of J'ohn M. Alexander, filed her petition to be made- defendant, and her answer and cross-petition in the cases of the creditors of her husband against him, all of whioh had been consolidated, and were still pending in said court. She states that her husband, the said John M. Alexander, died on the 21st of July, 1868, intestate, leaving her (his widow) and five infdnt children his heirs and distributees; that at the time said attachments were sued out her said husband- was temporarily absent from the state; that he was in possession of a farm in *397 Woodford County on which he and family resided, and had a crop raised on it in 1867, and had there horses, jacks, jennets, cattle, hogs, and household and kitchen furniture and farming implements, and was a housekeeper there with a family consisting of wife and children as aforesaid; that said plaintiffs -in said attachment suits caused every article of household and kitchen furniture, all the crop grown on said farm, all the farming implements, and all the live-stock, and every species of property of said John M. Alexander to be levied upon and sold, leaving her and her children destitute of every thing, and with nothing to subsist upon.
And she prays, as the attaching creditors and officers who levied said attachments failed to set apart for the benefit of the family of said Alexander the property exempt by law from seizure and sale, that the court will adjudge to her a sum of money out of the proceeds of the sale equal to the •value of the exempted property; and she charges that the money for which the property was sold is in Court or under its control, and not distributed.
Forsythe in his answer avers that at the time of the institution of the actions, consolidated, said John M. Alexander was a non-resident of the state; therefore denies that he was only temporarily absent from Kentucky, and denies that he was a bona fide housekeeper with a family in the state of Kentucky. He denies that his attachments were levied on any property of said Alexander that was exempt from execution for debt. He states that he does not know whether all the property of said Alexander was sold or not; that he himself directed the sale of no particular property or any property. He states that Mrs. Alexander was present at the sale and made no objections, and that she had a brother-in-law, who was a lawyer, advising hér and consenting to the sale; and he avers that if she had any claim that she could have asserted it, and that she is estopped by her acts at the sale *398 from subsequently asserting it. He states that said John M. Alexander is dead, and that his personal representative is not a party to this proceeding; avers that Frances C. Alexander in no event has any claim to any property exempt from execution, and can not lawfully in her own right assert such a claim. Finally he says he sets up and relies on the former judgment in these consolidated cases and the lapse of time as a defense against the claim of Mrs. Alexander.
The plaintiffs in the consolidated cases, except Forsythe, answered Mrs. Alexander’s cross-petition jointly, and state that, although they obtained their attachments on the ground that John M. Alexander had been absent from the state for more than four months, he had at the time a plantation in the state of Louisiana and was a resident of that state. They deny that any property exempt from sale under execution was sold under their attachments, and state that at the sale under their attachments their attorney was present and announced publicly that the household furniture and other property exempt by law, and which was then about to be sold, and was afterward sold, would not be sold under their attachments, as they were not levied on any exempt property, nor was the same sold under their attachments; and deny that the cross-plaintiff has any cause of action against them.
By section 1, article 14, chapter 36, Revised Statutes, it is enacted that “ the same personal property shall be exempt from execution which is exempt from distribution, and in the next section additional articles of personal property are added to the exempted list.
By subsection 5 of section 11, chapter 30, Revised Statutes, it is provided that if the intestate leave a widow, the following property shall be set apart by the appraisers of the estate and vest in such widow for the use and benefit of herself and the infant children, if any, of the intestate residing in the family, and then follows the list of exempted articles.
*399 In the ease of Perry v. Hensley (14 B. Mon., 381) the question was whether a surety in a delivery-bond could be relieved by a court of equity on the ground that the property on which the execution was levied and for the delivery of which the forthcoming bond had been executed was the only work-beast that the defendant in the execution owned, who was a bona fide housekeeper at the time? This court there said, as the levy was illegal, and the forthcoming bond was taken to carry into effect this illegal act, it would be inconsistent with every principle of justice and equity to permit the plaintiff to avail himself of a legal advantage thus improperly and illegally obtained, and compel the surety in the bond to pay the debt.
That Alexander was at the time of the levy of the attachments and the sale of the property a bona fide housekeeper is clearly shown by the evidence. He was not present either at the levying of the attachments or of the sale of the property, and consequently did not then nor is there any evidence that he has since waived his right to its exemption. His right of action at the time of his death, in 1868, for the exempted property or its value' existed in full force) but when he died that right did not pass to his personal representative, but to his widow for the use and benefit of herself and the infant children residing with her, by the language of the statute quoted. The property which is by law exempt is to go to the use of the family. The money for which it was sold and which represents this exempt property is and was undistributed, and is still under the control of the court. It will therefore pass just as the property it represents would have passed if it had been unsold at the death of Alexander. His personal representative would have nothing to do with it; but it would have vested in the widow for the use of herself and infant children residing with her. This conclusion can not be escaped. She has not waived any right to the property or its value. It can not be seriously contended that she waived her *400 ■right because she, a married woman, was present, and had a brother-in-law, a lawyer, present also, and did not then resist the sale.
As to the judgment pleaded as a bar it is sufficient to say that it only ordered the sale because of the perishable nature of the property, and in express terms reserves all other questions for future adjudication, and can not by its terms bar appellant’s claim. It is not a final judgment as to the rights to property.
Wherefore on the appeal of Mrs. Frances C. Alexander 'the judgment disallowing her claim and dismissing her cross-petition is reversed, and the cause is remanded with directions to adjudge to be paid over to her the proceeds of the property which is and was exempt from sale under said attachments, 'and for further proceedings consistent herewith. On the appeal of Mrs. Myers’s administrator the judgment dismissing her petition and dissolving her injunction is affirmed. The judgment is affirmed on the cross-appeal.