CASE 83—PETITION EQUITY—MAY 14.

# Blake v. Durrell Bros., Etc.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

1. EXEMPTIONS TO WIDOW—PRIORITY OF ATTACHMENT LIEN.—A widow is not entitled to the exemptions from distribution and sale provided for by sec. 1403 of the Kentucky Statutes out of the proceeds of property attached during the lifetime of her husband which was not exempt from attachment, and the grounds of attachment as to which were properly sustained.

2. COSTS.—A trial court when asked to set aside a proper submission of a cause, and allow parties to plead further, or to take additional proof, may in the exercise of a sound discretion, require the parties making the motion to pay the costs, additional costs being incurred by their *laches.*

HANSON KENNEDY FOR APPELLANT.

1. Blake died before the first term of the court after the suit against him was filed, and had therefore no opportunity to file an affidavit controverting the grounds of the attachment, or to file an answer

Blake v. Durrell Bros., etc.

claiming his exemptions; and upon his death the right to the property which the statute directs to be set apart to the widow vested at once in her. Mallory's Admr. v. Mallory's Admr., 92 Ky., 317; Myers' Admr. v. Forsythe, 10 Bush, 394; Ky. Statutes, sec. 1403.

JOHN I. WILLIAMSON OF COUNSEL ON SAME SIDE.

WINFIELD BUCKLER FOR APPELLEES.

1. This is not a contest between the general creditors and the widow, but between a lien creditor and her, the lien having been created prior to the death of the husband.
2. At the time of the decision in Myers v. Forsythe, 10 Bush, 394, the revised statutes were in effect, which provided that the same personal property should be exempt from execution which was exempt from distribution; the property now that is exempt from execution, or attachment, is not the same exempted from distribution. Ky. Statutes, secs. 1403 and 1697.
3. The goods were held as partnership property, and though L. T. & Ed. Blake were not partners as between themselves they were as to outsiders; and the title to the property was in the firm, and could not be claimed by the wife as exempt to her.
4. Under the provisions of sec. 889 of the Kentucky Statutes, the trial court has no discretion as to who shall be adjudged to pay the costs of a suit.

M. HOLLIDAY STITT OF COUNSEL ON SAME SIDE.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellees, Durrell Bros., brought an attachment suit against L. T. Blake upon a check, the attachment being levied upon a stock of dry goods and notions. Myers & Herndon came into the case by petition, setting up a claim to the goods. Blake died pending the suit, and the case was revived. The litigation between Durrell Bros. and Myers & Herndon was decided adversely to the latter, and they have not appealed. The appellant, Luella Blake, filed her petition and an amendment thereto, which was

taken as her answer, averring that she was the widow of L. T. Blake, having an infant child living with her, and claiming the proceeds of the property attached in this action, under section 1403, Kentucky Statutes, on the ground that her husband, at the time of his death, was a resident of this Commonwealth, having a family living with him, and did not have on hand any sheep, poultry, spun yarn, etc., and that she is entitled to the money value as fixed by law of such property as exempt to her from distribution and sale by reason of the fact of her widowhood; that the full money value of said property, together with the articles actually set apart to her, would not amount to any sum in excess of $340, and that her claim thereto was superior to the claim of Durrell Bros., and the other appellees, who had intervened in the suit. The grounds of attachment were not controverted, and the attachment was accordingly sustained.

Her petition not being controverted is to be taken as true, and the only question upon this appeal is whether appellant is entitled to the exemptions from distribution and sale provided for by section 1403, Kentucky Statutes, out of the proceeds of property attached during the lifetime of her husband, which was not exempt from attachment, and the grounds of attachment as to which were properly sustained as uncontroverted.

It is earnestly insisted that the case of Myers, Adm'r v. Forsythe, 10 Bush, 399, is decisive of the case at bar. That case arose under the Revised Statutes, by which the same property was exempt from execution and attachment as was exempt from distribution and sale to the widow.

Certain property which the court held was exempt from attachment and execution was sold under attachment, and after the death of the husband his widow filed her petition claiming her exemption out of the fund in court arising from the sale of the exempted property, and the court there held that the property was exempt; that the husband could have successfully claimed his exemption, and that the exemption being for the use and benefit of the family, the right to assert a claim to it passed to the widow and not to the personal representative, and the claim should be satisfied out of the money for which the property was sold, which represented the exempted property and passed just as the property it represented would have passed if it had been unsold at the death of the husband. That case clearly does not apply to the case at bar.

It is not claimed by appellant that the goods attached were exempt from attachment under section 1697, Kentucky Statutes, but the contention is that being exempt from sale and distribution among the general creditors under section 1403, that exemption is to override the attachment lien which attached to the property before the death of the husband. We can not concur in this contention. The attaching creditors' rights became fixed by the lawful levy of the attachment, subject of course to be divested in case of failure to make out the grounds of the attachment. This is not a contest between the widow and general creditors, but between her and a lien creditor; and the right of the widow to exemptions from distribution and sale is as unavailing against an attachment creditor as it would be against a mortgagee. The attachment

lien upon the husband's property can no more be disturbed by his death than it could be by his marriage and establishment as a housekeeper had he been single at the date of the levy. The status of the lienholder can not be changed by the death of the debtor. (Milward v. Shields, 43 S. W. 184.

Appellees, Durrell Bros., prayed a cross appeal, and seek a reversal upon the ground, that after case had been submitted, the trial court set aside the submission upon their motion, put them on terms to pay the costs of the proceeding up to the time of setting aside the submission, it being claimed that section 889, Kentucky Statutes, is conclusive as to who shall pay the costs of an action. But we think a trial court, when asked to set aside a proper submission of a cause and to allow parties to plead further or to take additional proof, may, in the exercise of a sound discretion, require the parties making the motion to pay the costs, additional costs being incurred by their *laches*.

For the reasons given the judgment is affirmed upon the original and cross appeals.