Dixie GRAHAM, Appellant,

v.

William Russell GRAHAM'S ADMINISTRA-
TRIX (Louella Graham), Appellee.

Court of Appeals of Kentucky.

Nov. 1, 1957.

Nichols & Nichols, Frederick E. Nichols,
Madisonville, for appellant.

L. B. Weir, Madisonville, for appellee.

BIRD, Judge.

In this appeal we are called upon
to resolve two questions: (1) Does an un-
recorded chattel-mortgage lien have pref-
erence and priority over the preferred claim
provided under KRS 396.090 for burial ex-
penses in the settlement of an estate? (2)

Does such unrecorded chattel-mortgage lien
have preference and priority over the wid-
ow's exemption under KRS 391.030?

Both questions must be answered in the
affirmative.

The first question is answered quite clear-
ly in Milward v. Shields, 19 Ky.Law Rep.
1076, 43 S.W. 184, 39 L.R.A. 506 and later
in International Harvester Co. v. Dyer's
Adm'r, 297 Ky. 55, 178 S.W.2d 966.

The second question is just as clearly
answered in Blake v. Durrell, 103 Ky. 600,
45 S.W. 883, and also in the International
Harvester case.

A distinction is sought to be made be-
cause the lien in the present case was not
recorded until after the death of the in-
testate. So far as the record discloses
appellant held a valid enforceable lien
on the chattel involved at the time of
intestate's death although it was unrecord-
ed. This Court in the Blake case, supra,
45 S.W. on page 884, said:

"* * * and the right of the widow
to exemptions from distribution and
sale is as unavailing against an attach-
ment creditor as it would be against a
mortgagee. The attachment lien upon
the husband's property can no more be
disturbed by his death than it could
be by his marriage and establishment
as a housekeeper, had he been single
at the date of the levy. *The status of
the lienholder cannot be changed by the
death of the debtor*. See Milward v.
Shields, Ky., 43 S.W. 184, 39 L.R.A.
506." (Emphasis ours)

The lien, therefore, was just as valid and
enforceable after death as before, and if the
lien constituted a claim that was prior to
that of all others at the time of intestate's
death it maintained its status of priority
after death even though it was still un-
recorded.

The judgment must therefore be re-
versed. It will be noted however that we
pass only on the questions of priority.

Questions involving validity and enforcibility are not before us. The motion for appeal is sustained, and the judgment is reversed for proceedings not inconsistent with this opinion.