CASE 70—ACTION TO SUBJECT HOMESTEAD—MAY 12.

# Benge's Administrator v. Bowling, Etc.

APPEAL FROM CLAY CIRCUIT COURT.

HOMESTEAD—ANTECEDENT LIABILITY.—A covenant of general war-
ranty creates a liability within the meaning of section 1702, Ken-
tucky Statutes, and where the covenant is executed prior to the
acquisition of the homestead the latter is subject to the war-
ranty claim, though the eviction occurred after the homestead
had been acquired.

A. W. BAKER FOR THE APPELLANT.

1. The warranty to Benge executed in 1881 created a liability which
   was prior to the acquisition of the homestead.
2. There was no estoppel by the allegations of the pleadings in the
   action on the covenant of warranty.
   Citations:  Ky. Stats., sec. 1702; 7 Am. & Eng. Ency. of Law,
   2, and foot notes; Hanley v. Foley, 18 B. M., 519; Booker v.
   Bell, 3 Bibb., 173.

LITTLE & JEFFRIES FOR THE APPELLEE.

1. The estoppel pleaded in the amended rejoinder is a defense to a
   recovery sought to be had by the appellant.
2. The liability or right of action under which appellant recovered
   the common law judgment accrued after the purchase of and
   payment for the homestead sought to be subjected.
   Citations:  5 Lawson's Rights, Rem. & Pr., secs. 2225, 2301; 6
   Ad. & E., 469; Pickard v. Sears, 7 Am. & Eng. Ency. of Law, 2,
   3; Morford v. Bliss, &c., 12 B. M., 257; 2 Pom. Eq. Jur., sec.
   804, 805; Stephens Dig. of Law of Ev., p. 124; Booker's Admr.
   v. Belle's Exr., 3 Bibb., 173; Fitzhugh, &c., v. Croghan, 2 J. J.
   Mar., 438; Fowler v. Chiles, 4 J. J. Mar., 506; Merrifield v.
   Tyler, 8 Ky. Law Rep., 422; Graham v. Dyer, 16 Ky. Law Rep.,
   541.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

By a deed made in October, 1881, the appellee, Bowling,
was liable to the vendee, Benge, on the warranty con-
tained therein.  Before the covenant was broken by the
eviction of the vendee, the appellee bought and paid for

the land which is sought to be subjected to the payment of the judgment which was rendered against the appellee on the warranty. So the eviction of appellant's intestate took place after appellee had purchased the land to which he is entitled as a homestead, unless the warranty in the deed created a *liability*, in the meaning of section 1702, Kentucky Statutes, part of which reads as follows: "But this exemption shall not apply to sales under execution, attachment or judgment, if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon."

The question in this case is whether the covenant of warranty created a liability, or did the liability in consequence of such warranty, arise when the eviction took place? If the liability was created by the warranty, then the land claimed as a homestead is subject to the payment of the judgment on the warranty. If no liability existed on the warranty until the eviction took place, then the land is exempt as a homestead, because it was purchased and paid for previous to that date. Liability is defined by Black's Law Dictionary to be "the state of being bound or obliged in law or justice to do, pay, or make good something; legal responsibility." Webster defines it to be "the state of being bound or obliged in law or justice; responsibility." Bouvier defines it to be "responsibility; the state of one who is bound in law and justice to do something which may be enforced by action." When the covenant of warranty has been broken by eviction, the liability on the warranty does not then accrue, but the cause of action then accrues on the liability which the vendor assumed by his covenant of warranty. It is by reason of the existing liability, resulting from the warranty, that the cause of action accrues. An obligation to

pay money at a future time creates a liability, and when the promisor breaks his promise to pay the cause of action accrues.

This court has held that, where the vendee has been evicted, he is entitled to recover the money which he paid, and interest thereon from the date of the deed containing the warranty, not interest from the date of the eviction. It treats it as a liability incurred as of the date of the deed. The moment the deed is executed and accepted, the vendor promises the vendee, in effect, that, if he is evicted from the land which he conveys to him, he will repay him the purchase money, with interest thereon from the date of the deed. This obligation, however, can not be enforced, and no cause of action arises until the happening of the event which entitles the vendee to have his money, with interest, refunded, and, upon the failure of the vendor to do so, his right to maintain an action begins. If we should hold that no liability existed upon the covenant of warranty until eviction, the vendor could invest the purchase money in a homestead the same day or day after receiving it, and, although the vendee from whom he obtained it was evicted within twelve months thereafter, still the homestead in which he had invested it could not be subjected to the payment of such judgment as his vendee might recover against him for the breach of the covenant of warranty. The mere fact that years may elapse between the execution of the deed and the eviction does not affect the question as to whether the warranty created a liability, or lessen the legal or moral obligation of the vendor to refund, with interest, the amount which he received from the vendee. The liability imposed by a warranty is as just, and the vendor should be no more permitted to hold his homestead against it than, any other

[ 37 ]

debt or liability which he might have incurred prior to the purchase of the homestead.

We think the evidence authorizes the court below to adjudge Mrs. Gray the fifty acres of land which her father sold her. We do not think there is any merit in the question of estoppel raised.

The judgment is reversed for proceedings consistent with this opinion.