## Eddington-Griffitts Construction Company v. Ireland, et al.

(Decided January 28, 1916.)

### Appeal from Mason Circuit Court.

Interest—Mechanics' Lien Claim—Fund in Court—Effect of Appeal.—The original contractor for railroad construction work sued the company for an alleged balance. The company paid the

agreed balance into court. A sub-contractor which had perfected its lien asserted a lien for $18,433.94 and asked personal judgment against the contractor. The contractor contested the amount. On an issue out of chancery the jury fixed the amount at $7,330.97. Personal judgment was rendered against the contractor for this amount with interest from date. Claiming to be entitled to more, the sub-contractor appealed to this court. The appeal was unsuccessful. Held, that as the sub-contractor had a prior lien for the amount of its judgment, which was payable out of the fund in court, and as the fund in court did not constitute a tender and no order of distribution was made, and the right of distribution was not suspended by the appeal, the sub-contractor is entitled to have the interest that accrued on the judgment pending the appeal paid out of the fund in court, although it would diminish the amounts payable to inferior claimants.

GREEN, WEBB & TATE and ALLAN D. COLE for appellant.

R. D. WILSON, J. M. COLLINS, T. D. SLATTERY, FRANK P. O'DONNELL and STANLEY REED for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is the second appeal of this case. The opinion of the former appeal may be found under the same title in 165 Ky., 518.

James Ireland contracted with the Chesapeake and Ohio Railway Company to construct and prepare its roadbed for the laying thereon of double tracks between Vanceburg and Carr's Station, in Lewis county. The Eddington-Griffitts Construction Company, a sub-contractor, contracted with Ireland to do the shovel work. There were various other sub-contractors. Ireland brought suit against the railroad to recover an alleged balance of $13,000.00. The railroad admitted an indebtedness of $12,505.25, which it paid into court to be distributed as the court may direct. The Eddington-Griffitts Construction Company was made a party to the action and asked to assert its claim. For answer the Eddington-Griffitts Construction Company asserted a lien for the sum of $18,433.94, which it had perfected by proceedings in conformity with the statute, and asked for the enforcement of its lien and a personal judgment against Ireland. Ireland contested the amount due the construction company. On an issue out of chancery the jury fixed the amount due the construction company at $7,330.97, and the construction company was given judg-

ment against Ireland with 6 per cent. interest thereon from December 17, 1913, until paid, and costs. Thereupon the construction company, insisting that it was entitled to more money, prosecuted an appeal to this court. Its contention was denied and the judgment affirmed. Eddington-Griffitts Construction Co. v. James Ireland, *supra*.

On the filing of the mandate below on June 18, 1915, the chancellor entered an order distributing the sum of $12,505.26 which had been paid into the court by the railway company prior to the original judgment. In making the distribution he directed the commissioner to pay to the construction company only the sum of $7,330.97, without interest, which amounted to several hundred dollars. From that order the construction company appeals.

In denying appellant interest out of the fund in court the chancellor based his ruling on the fact that when the original judgment was rendered the fund was in court and ready for distribution. It was not distributed through any fault on the part of the other claimants, but solely on account of the delay occasioned by the appeal, which was unsuccessful. Under these circumstances, he concluded that it would be unjust to the other claimants to diminish their distributable share of the fund by the amount of interest on appellant's claim which accumulated during the pendency of the appeal. With this contention we cannot agree. Appellant had perfected its lien. Only the amount thereof was in dispute. For the proper amount it had a lien superior to that of the other lien claimants or attaching creditors; Ireland contested the amount claimed. The determination of the amount was submitted to the jury on an issue out of chancery. The jury fixed the amount. Judgment was then rendered against Ireland for the amount so fixed with interest. Appellant was entitled to have this judgment paid out of the fund in court. No order directing the commissioner to pay the amount of the judgment to appellant was made. Manifestly, the presence of the fund in court did not constitute a tender. No order of distribution having been made, the right of distribution was not suspended during the appeal. As the judgment properly awarded the company interest from date and was properly payable out of the fund in court because the company's lien was prior to that of the other claimants, and as the right of distribution was not suspended

during the pendency of the appeal, we fail to see why the judgment itself should be ignored and interest denied out of the fund merely because it would diminish the amounts payable to inferior claimants who took no steps to have the fund distributed. We therefore conclude that the chancellor erred in refusing to pay appellant interest out of the fund in question.

Judgment reversed and cause remanded for proceedings consistent with this opinion.