### Milliken v. Haner and Metropolitan Life Insurance Company.

### Milliken v. Haner and Equitable Life Insurance Company.

(Decided June 13, 1919.)

Appeals from Simpson Circuit Court.

1. Insurance—Insurable Interest in Life of Another.—One with no legally recognized insurable interest in the life of another cannot

take out a policy of insurance on the latter's life nor can he purchase by assignment such a policy since such contracts are each wagering ones and against public policy and void except as to the interest which may be created as creditor for the sum paid in consideration of the assignment and subsequent premiums.

2. Contracts—Executed in Violation of Statute—Estoppel.—One party to a contract may not be estopped to deny the validity of a contract which is executed in violation of a statute or a rule of public policy since there can be no estoppel against denying the validity of a void contract.

3. Insurance—Settlement—Interest—One cannot demand interest during the time when payment is deferred on account of his own act in refusing to accept a settlement and where the assignee of the policy appeals from the judgment fixing the amount to which he is entitled and supersedes the judgment directing payment to him he cannot collect interest pending the appeal.

C. B. MOORE for appellant.

GEORGE C. HARRIS and WHITESIDES & BRADSHAW for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming on appeal and reversing on cross-appeal.

Henry E. Haner procured to be issued on his life two policies, each for the sum of $1,000.00. One of them was issued by the Equitable Life Assurance Society of the United States and the other by the Metropolitan Life Insurance Company of New York. The plaintiff and appellee, J. N. Haner, the father of the insured, was made the beneficiary in each of the policies, the first of which was issued in 1906 and the last one in 1909. About September 1, 1911, the insured, having become afflicted with tuberculosis, concluded to go west in search of health. He was without the necessary funds to make the trip and to procure them he, on the 8th day of that month, agreed to and did assign the two policies, with the consent of the beneficiary, to the appellant and defendant below, J. J. Milliken, and the assignments were afterwards reduced to writing and duly acknowledged before a notary public by both the insured and the beneficiary and with the consent of the two companies they were attached to the policies. The consideration for the assignment of the policy issued by the Equitable Company was $209.42, and for the assignment of the one issued by the Metropolitan was $150.00, the defendant and assignee agreeing to pay the

annual premiums on each of the policies accruing thereafter, which he did.

Near December 1, 1916 (the exact date not being shown) the insured died intestate and leaving no widow or children. Proof of his death was made and furnished to each of the insurance companies, both of which acknowledged liability and a willingness to pay, but they did not know whom they should pay since both defendant, Milliken, and plaintiff, Haner (the beneficiary), claimed the right to collect the policies. While matters were in this condition plaintiff, the beneficiary, filed these two suits, one against defendant, Milliken and the Metropolitan Company, and the other against him and the Equitable Company seeking to recover the amount of the policies and alleging that Milliken claimed to own them, which plaintiff denied and he was called on to answer and set up the facts with reference to his claim, which he did by relying upon the assignment to him as heretofore shown and insisted upon his right to collect the entire amount of each policy. A demurrer was filed and sustained to his answer and he amended it, in which he set up the consideration paid by him for each assignment and the amount of premiums which he afterwards paid to each of the companies and when paid, and insisted upon his right to collect the amount of money with interest which he had thus paid out, even though the assignment should be adjudged invalid.

A reply denying want of knowledge or information sufficient to form a belief as to the amounts paid by defendant completed the issues and upon trial the court adjudged the assignments invalid as being against public policy (the defendant having no manner of insurable interest in the life of insured) but gave judgment in favor of defendant for the sums he had paid for the assignments and in the way of premiums, with interest thereon from the respective dates of payment, and to reverse that judgment defendant prosecutes this appeal.

A cross-appeal has been asked by and granted to the plaintiff in which he seeks a correction of an alleged error of the court in allowing defendant interest on the sums he paid after sixty days from the date of the proof of the death of the insured, it being the time when the payment of the policies became due and, as insisted, would have been made but for the claim of defendant.

On the main question presented by the appeal it is admitted that the defendant had no such insurable interest in the life of Henry E. Haner as would entitle him to have taken out the policies originally in his favor. It is further admitted that under the law as approved by this court and many others, and as also announced by all the text writers, one who has no such insurable interest in the life of another cannot take out a policy on the latter's life payable to himself since such transactions are wagering contracts and against public policy. Griffin's Admr. v. Equitable Assurance Society, 27 Ky. L. R. 313; Brombley v. Washington Life Ins. Co., 28 Ky. L. R. 1300; Beard v. Sharp, 100 Ky. 606; Baldwin v. Haydon, 24 Ky. L. R. 900; Wrather v, Stacey, 26 Ky. L. R. 683; Lee v. Mutual Life Ins. Co., 26 Ky. L. R. 577; Barbour v. Larue, 106 Ky. 576; Bayes v. Adams, 81 Ky. 363; Lockett v. Lockett, 26 Ky. L. R. 300; Scott v. Scott, 25 Ky. L. R. 1356; Adams v. Reed, 18 Ky. L. R. 853; Bramblet v. Hargis, 29 Ky. L. R. 610; Hess v. Segenfelter, 127 Ky. 348; The Western & Southern Life Ins. Co. v. Webster, 172 Ky. 444; The Western & Southern Life Ins. Co. v. Nagel, 180 Ky. 476, and many other cases which could be cited.

But while admitting this general and universally applied principle of law defendant's counsel insists that there is a sound distinction between procuring the issual of a policy in which the beneficiary has no insurable interest in the life of the insured and the assignment of a policy to one without insurable interest if the original beneficiary was one to whom the policy could be made payable within the rule requiring him to have an insurable interest. This alleged distinction is attempted to be maintained upon the theory that the policy being valid when issued is after that a mere chose in action and assignable as such. The courts in a few of the states adopt the distinction contended for, among them the Court of Appeals of New York, and we are cited to the case of Steinback v. Diepenbrock, 158 N. Y. 24, 48 L. R. A. (O. S.) 418, in support of this contention.

The opinion in that case seems to place the Court of Appeals of that state in line with the limited number recognizing the distinction contended for, but after a careful reading of it we are by no means convinced of the soundness of its reasoning in support of such distinction.

In fact we fail to find any reason in it which would relieve the assignment of a policy to one without an insurable interest in the life of the insured from being a wagering contract any less than the procuring of the policy originally by and for the benefit of one without such interest would be.

The underlying reason for the rule forbidding the issual of such policies is that the stranger beneficiary is thereby given a financial interest in the quick termination of the insured's life and to that extent has a motive to bring about that result, and since such conditions might possibly encourage crime the rule has been invoked to prevent them from arising. We are unable to see why the same reason would not exist with reference to the assignment of a policy to one who was without legal interest in the life of the insured. We find no satisfactory reason for any difference between the two cases anywhere stated in the Steinbeck case relied on and the same is true with reference to the cases from other courts recognizing the distinction.

But in the opinion rendered in that case the court referred to a number of cases denying the validity of an assignment of an insurance policy to one having no insurable interest in the life of the insured, among which are the cases of Warnock v. Davis, 104 U. S. 775, and Bayse v. Adams, *supra,* from this court.

The rule as announced by this court in the Bayse case has been approved by us in many subsequent cases, among which are: Hess v. Siegenfelter, *supra;* Irons v. United States Life Ins. Co. of New York, 128 Ky. 640; Schlamp v. Berner's Admr., 21 Ky. L. R. 324; New York Life Ins. Co. v. Brown's Admr., 23 Ky. L. R. 2070; Western & Southern Life Ins. Co. v. Nagel, and Western & Southern Life Ins. Co. v. Webster, *supra.*

In stating the rule against issuing wagering policies and applying it to the *assignment* of policies as well as to their original issue, this court, in the Bayse case, quoting from Supreme Court of the United States, in the Warnock case, said: "Such policies have a tendency to create a desire for the event (the death of the insured). They are, therefore, independently of any statute on the subject, condemned as being against public policy. The assignment of a policy to a party not having an insurable interest is as objectionable as the taking out of a policy

in his name." And in that case, in answering the contention of counsel in urging the distinction between the assignment of a policy and the original procurement of it, as is also urged by defendant's counsel here, the court said: "Counsel for appellant have cited authorities sustaining the opposite doctrine as respects the assignment of policies of life insurance. But we are unable to see why the rule recognized by all the authorities as applicable to, and which renders invalid, because against public policy, policies of life insurance taken for the benefit of a party having no insurable interest in the life of the person in whose name it is issued, should not be also applied to an assignment of a policy where the assignee has no such insurable interest."

There has been no departure from or modification of the rule as laid down by this court in that case. On the contrary we have steadily adhered to it and it is now too late to call it in question were we convinced of its unsoundness, which we are not.

But it is insisted that in some way not altogether clear to us plaintiff is estopped to rely upon the invalidity of the assignment of the two policies involved, but this contention cannot be upheld for at least two reasons: (a) that the contracts of assignment being against our public policy are each void, and one cannot estop himself to deny the invalidity of a void contract. A. & E. Ency. of Law, 2nd edition. vol. 11, page 23; 10 R. C. L. 801, and Bohon's Assignee v. Brown, 101 Ky. 354. The text in the volume of R. C. L. in stating the general rule upon this point says: "It is generally considered that, as between the parties to a contract, validity cannot be given to it by estoppel if it is prohibited by law or is against public policy." A great many cases are cited in the note and there seems to be no dissent from the general rule. And (b) that plaintiff is not shown to have been guilty of any conduct that would create an estoppel as against him in favor of defendant. He is seeking to recover no part of the insurance except the excess over and above the amounts defendant has paid with interest. If the act of subscribing the written assignment of the policies may be urged as one constituting an estoppel then in order for it to have that effect the defendant must have acted on it to his prejudice, which is an essential element of an estoppel. He cannot in this case be considered to have acted

upon the faith of the assignment in a way to prejudice his rights since no one can be considered to be prejudiced when he is allowed to collect all he has paid out together with interest. A still further objection to the alleged estoppel urged is that in the cases referred to from this court the same or similar facts existed and in neither of them was it held that they created an estoppel for the benefit of the assignee of the policy.

Upon the question raised by the cross-appeal defendant under the judgment will draw interest on the amount adjudged him until the money is distributed after having been paid by the insurance companies. It is because of his contention that it has not been paid long since. Plaintiff has never raised any objection to its payment and we are at a loss to know upon what theory defendant can obstruct the payment of his claim and still continue to draw interest on it. He not only did so by litigating the matter below but has actually prevented the payment of the money by the insurance companies by superseding the judgment appealed from and which ordered such payment.

We therefore conclude that under the most lenient view of the case defendant should not collect interest after the rendition of the judgment appealed from, and since the judgment does not so confine his right it is to that extent erroneous.

Wherefore the judgment on the original appeal is affirmed but reversed on the cross-appeal, with directions to modify it as herein indicated.