HARPER *v.* ADAMS.*

[106 So. 354. No. 25278.]

(Division B. Dec. 14, 1925.)

1. JUSTICES OF THE PEACE. *Statement of cause of action may be amended after appeal to circuit court to show true amount of damage.*

Where a statement of the cause of action filed in the justice court did not contain the money value of the damage incurred, but there was a judgment for less than the justice's jurisdiction on appeal to the circuit court, it is permissible to amend the statement of the cause of action so as to show the true amount of the damage. Section 558, Hemingway's Code; section 775, Code of 1906.

2. JUSTICES OF THE PEACE. *Justice of peace has jurisdiction of suits in tort occurring in his district, even if defendant is householder and freeholder of another justice of peace district which has competent justices to try cause.*

Under section 2223, Hemingway's Code (section 2724, Code of 1906), fixing the venue of justice of the peace courts in civil actions, a justice of the peace has jurisdiction of suits in tort occurring in his district although the defendant be a householder and freeholder of another justice of the peace district, and there be competent justices of the peace therein to try such cause.

3. JUSTICES OF THE PEACE. *"Liability" as used in statute defining venue of justice of peace courts in civil action defined.*

The word "liability" as used in the above section means the state of being bound or obliged in law or justice to do, pay, or make good something; legal responsibility. The state of one who is bound in law and justice to do something which may be enforced by legal action. Words and Phrases, Liability.

4. JUSTICES OF THE PEACE. *Estimates of value involved in suit ap-
   pealed from justice of peace held not to defeat circuit court's jur-
   isdiction on appeal, unless there was fraudulent undervaluation
   of property.*
   In the trial of a cause of action which originated in a justice of
   the peace court and was appealed to the circuit court, and where,
   on the trial in the circuit court, contradictory statements as to
   the value or damage involved in the suit, some of which esti-
   mated the damages at more than two hundred dollars such state-
   ments will not defeat the circuit court's jurisdiction, unless there
   was a fraudulent undervaluation of the property or damage for
   the purpose of conferring jurisdiction in the justice of the peace
   court from which the appeal was prosecuted.

5. JUSTICES OF THE PEACE. *When judgment is for same party in same
   amount on appeal from justice of peace court, ten per cent. dam-
   ages should be added by circuit court to jury's verdict.*
   Where there was a judgment in the justice of the peace court for
   eighty-five dollars from which the defendant prosecuted an ap-
   peal to the circuit court, where there is a jury verdict and judg-
   ment, also for eighty-five dollars, ten per cent. damages should
   have been added by the circuit court to the verdict of the jury
   and included in the verdict of the circuit court. Section 66, Hem-
   ingway's Code; section 86, Code of 1906.

---

*Headnotes 1. Justices of the Peace, 35 C. J., Section 552; 2. Justices
of the Peace, 35 C. J., Section 136; 3. Liability, 36 C. J., Section 1050;
4. Juctices of the Peace, 35 C. J., Section 394; 5. Costs, 15 C. J., Section
725.

APPEAL from circuit court of Copiah county.

HON. E. J. SIMMONS, Judge.

Action by Lige Adams against Glen Harper. From a
judgment in a justice of the peace court for plaintiff, de-
fendant appealed to a circuit court. From its judgment
for plaintiff, defendant appeals, and plaintiff brings a
cross-appeal. Judgment affirmed on direct appeal, and
reversed and judgment entered on cross-appeal for plain-
tiff, with ten per cent. added damages.

*M. S. McNeil,* for appellant.

I. Appellee, in beginning this litigation, filed with the justice of the peace the following statement or evidence of debt: "Glen Harper, Dr., to Lige Adams. To damages for injury to a mule by an automobile while on the public road, on the 26th day of May, 1923." The amount claimed as damages was not shown.

Pleadings, in a court of limited jurisdiction especially, must show the jurisdictional facts. In the absence of such a showing, the justice was without jurisdiction to proceed; and the original court being without jurisdiction, of course, the circuit court on appeal could have had no jurisdiction; and the case should have been there dismissed by the court.

Appellant, in the circuit court, demurred to the claim for damages or evidence of debt on the ground that it did not show jurisdiction in the justice court. Appellee in an attempt to cure this defect, requested permission of the circuit court to amend his claim, but the record shows that such permission was never granted and the amendment, in fact was never made. So that the case comes here with the declaration, or claim for damages, still failing to show that the justice court, where the suit originated had jurisdiction.

II. The testimony in the case shows that if appellee was damaged at all by appellant, he was damaged in an amount exceeding the jurisdiction of the justice court. It is undisputed that the amount of the damage done was two hundred fifty-five dollars. In order to confer jurisdiction upon the justice court and to avoid going into the circuit court, he was willing to remit the greater part of his claim. This, without regard to his purpose or object, was, as a matter of law, a fraud upon the circuit court.

If the words "amount of the demand" in our statute are construed to mean that the litigant, himself, by fixing the amount without regard to the actual damages, may determine which court has jurisdiction, then why

could he not defraud the justice court of jurisdiction and bestow jurisdiction upon the circuit court by demanding more than the jurisdictional amount of the justice court? Our court has already passed upon this question in *Askew* v. *Askew,* 49 Miss. 301.

We are familiar with the rule that where the demand is *honestly* made, *with no intention of conferring jurisdiction upon any particular court,* it determines the jurisdiction. But this is an entirely different proposition. Those cases, stating the rule just mentioned, were cases where the plaintiff *really believed* that the amount he claimed was the amount of the damages he sustained. They were cases where the testimony conflicted as to the amount of the damages, or the value of the property. In the instant case, however, the plaintiff, himself testifies, and it is contradicted by nobody and by no circumstances that he was damaged two hundred and fifty-five dollars and was diminishing his demand from that sum to a sum within the jurisdiction of the justice of the peace. What earthly purpose could he have had, other than, to bestow jurisdiction upon the justice of the peace?

The authorities sustain our contention that a litigant cannot *knowingly* and *intentionally* diminish the mount of his demand so as to bring it within the jurisdiction of a particular court. *Fenn* v. *Harrington,* 54 Miss. 733; *Ball* v. *Sledge,* 82 Miss. 749, at 756; *Ross* v. *Natchez Railroad Company,* 61 Miss. 12, at 15.

This suit was filed and tried in the justice court of District No. 4, of Copiah county, while the defendant was, had been for a number of years, and is now, a resident freeholder of District No. 5, of Copiah county. Plaintiff, upon this point, relied in the lower court upon sec. 2223, Hemingway's Code.

Our conception of this statute is that it refers only to suits *ex contractu,* and has no application to actions *ex delicto.* Our idea is that the legislature never intended that a citizen might be jerked out of his district into another justice district to defend suit, simply because

the plaintiff says that under a certain state of facts happening in that particular district, the defendant was liable to him. This was an action in tort and could have as easily and conveniently been tried in District No. 5, as District No. 4. These cases are different from suits on contract, and it is more easy for a fictitious suit of this nature to be brought, and they are usually harder to defend, than suits on contracts. For this reason we believe that a man yet has a right, under this statute, to be tried in the district of his residence on suits of this character.

*L. F. Easterling,* for appellee.

At the conclucion of plaintiff's evidence in the court below appellant counsel moves the court to dismiss the case on the grounds that the justice court from which the case was appealed had no jurisdiction. Thereupon, counsel for appellee recalled the appellee as a witness, who testified that the injury to the mule had occurred in the justice district of Mr. Frank Toomer, the justice in whose court the suit was filed, and who tried the case.

If this is the chief ground of error relied upon by appellant, we respectfully submit that it is untenable, under section 2223, Hemingway's Code. This statute has been construed by this court in the following cases: *Caine* v. *Simpson,* 53 Miss. 521; *Ellison* v. *Lewis,* 57 Miss. 588; *Hillard* v. *Chew,* 76 Miss. 763, 25 So. 489; *Williams* v. *Steward,* 79 Miss. 46, 30 So. 1; *Gibson* v. *Mills,* 95 Miss. 726, 49 So. 568; *Maltus* v. *Bostick Lbr. Co.,* 111 Miss. 883, 71 So. 16; *Catlett* v. *Drummond,* 113 Miss. 50, 74 So. 323.

The liability having been incurred in the justice district in which the suit was filed, that court had jurisdiction under the statute, even though the appellant may have been a freeholder or a householder in another district of the same county.

It was also complained of on the motion for a new trial that the court erred in allowing counsel to amend

the statement of the case sued on in the justice court. When the case was tried in the circuit court, appellant, through his attorneys, demurred to the statement of the cause of action filed in the justice court, upon which trial was had; and thereupon the appellee filed application to amend his cause of action so as to charge the a- mount of damages sustained and sued for at eighty-five dollars. There appears to have been no ruling made on this; but, of course, the presumption is that the same was, as it should have been, allowed by the court. Amend- ments are liberally allowed so as to bring out the inten- tions of the respective parties so that justice may be done. Such is the holding of this court in a long line of cases unnecessary to be cited. Pleadings in justice court should be treated with great liberality and the substance of the cause of action, as stated by the writing "lodged" with the court and not the form should be looked to. *Town* v. *H. Lupin & Son,* 114 Miss. 693, 75 So. 546.

If there was any error either in the sufficiency of the statement of the cause of action or in the amendent allowed in the circuit court, the same is cured by the statute of jeofails. Section 596, Hemingway's Code 808 Code of 1906, and authorities cited thereunder. See par- ticularly *I. C. R. R. Co.* v. *Price,* 72 Miss. 862, 18 So. 415; *Y. and M. V. R. R. Co.* v. *Schragg,* 84 Miss. 125, So. 193.

This record not only shows that there was no inten- tional diminution of the damages, but when considered as a whole would convince anyone that the old negro, Lige Adams, was simply mixed up and mistaken in his testimony. It is certainly clear that there was no inten- tional diminishment of the damages suffered by him so as to confer jurisdiction upon the justice court. It will be noted here that the suit originally, as amended in the circuit court, was for eighty-five dollars. The justice of the peace, according to the solemn recital of the judg- ment, after hearing all the evidence for the respective parties, placed the damages at eighty-five dollars; and a

jury in the circuit court, composed of practical men in all walks of life, fixed the damages at eighty-five dollars. So this court certainly has the unbiased testimony of the justice of the peace in the justice court, and the testimony of nine of twelve jurors in the circuit court, under oath, that the amount of damages sustained by Lige Adams, due to the negligence of the defendant, was eighty-five dollars, no more and no less.

We submit that there is no error in the record. The jury having heard all the testimony, and observed the demeanor of the witnesses on the witness stand, and having adopted appellee's theory of the case, and it appearing that substantial justice between the parties has been done, it should not be reversed; but should be affirmed on direct appeal and reversed on cross-appeal to the end that proper judgment against appellant and the sureties on his appeal bond for the sum of eighty-five dollars, the amount awarded in the justice court and the circuit court below, and ten per cent damages thereon, plus interest and five percent damages thereon, allowed on affirmance of an appeal to this court.

ETHRIDGE, J., delivered the opinion of the court.

The appellee sued the appellant for an injury to a mule, which injury was inflicted in justice of the peace district No. 4 of Copiah county, and recovered a judgment for eighty-five dollars, from which the appellant appealed to the circuit court. When the case reached the circuit court, the amount of the claim had not been fixed in the statement of the cause of action in the court of the justice of the peace, and a motion was made by the defendant for a judgment on the theory that the court below had no jurisdiction because the amount of damages claimed was not stated in the statement of the cause of action. The plaintiff moved to amend the statement of the cause of action, which was permitted by the court below.

The defendant also pleaded to the jurisdiction of the court in the circuit court on the ground that he was a

freeholder and a householder of another justice of the peace district from the one in which the suit was instituted, which contention was denied by the circuit court. The cause then proceeded to trial and the plaintiff's evidence as to the amount of his injury or damage was stated in conflicting terms. On direct examination the plaintiff was asked how much the mule was worth, and answered "two hundred and eighty-five dollars." He was asked the question as to how much the mule was worth after it was struck, and stated it was not worth thirty dollars, if he had to buy the mule. On cross-examination the appellee was asked, "How much is she worth now?" And replied. "one hundred and eighty-five dollars."

"Q. Didn't you say you paid two hundred and eighty-five dollars? A. I did; yes, sir.

"Q. What was she worth? A. Worth two hundred and eighty-five dollars.

"Q. How much is she worth now? A. I wouldn't give over thirty dollars. That crippling brought her down.

"Q. Then you were damaged the difference between thirty dollars and two hundred and eighty-five dollars? The mule was worth two hundred and eighty-five dollars? A. Yes, sir.

"Q. And you are damaged the difference between thirty dollars and two hundred eighty-five dollars? A. I claim one hundred dollars damages."

Appellee was also asked on recross-examination:

"Q. How much did you sue for in the justice of the peace court? A. Eighty-five dollars.

"Q. What was the actual damage? Eighty-five dollars.

"Q. You say you bought a mule as good as that for one hundred and eighty-five dollars? A. Better than that.

"Q. You bought this one during the war? A. Yes, sir.

"You claim eighty-five dollars damages? A. Yes, sir."

The court refused to dismiss the plaintiff's cause of action on this ground, which is assigned for error. There was a verdict for eighty-five dollars in the circuit court and judgment entered there for that amount, from which judgment there is a direct appeal by the plaintiff and a cross-appeal by the appellee asking for the ten per cent. statutory damages provided by law where on appeal from the judgment in the circuit court the judgment for an equal or greater amount is recovered by the plaintiff.

We think that, inasmuch as the appeal from the court of the justice of the peace to the circuit court was tried *de novo,* it was permissible for the plaintiff to amend his statement of the cause of action so as to show the a-mount claimed and that the court did not err in allowing the amendment to be made.

Section 2223, Hemingway's Code (section 2724, Code of 1906), fixes the venue of civil actions in the court of a justice of the peace. It reads as follows:

"The jurisdiction of every justice of the peace shall be coextensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county; but every freeholder or house-holder of the county shall be sued in the district in which he resides, if there be a justice acting therein and qual-ified to try the suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found. And whenever, by reason of interest, relationship to one of the parties, or other like cause, any justice of the peace shall be disqualified to preside in any case before him, the same shall be trans-ferred to a justice of the peace in that or an adjoining district free from such objection, in the county, who shall hear and determine the same."

The clause "or in the district in which the debt was contracted, the liability incurred, or in which the prop-

erty may be found," used in the statute, makes an exception to the right of a freeholder to be sued in the district of his residence. The appellant insists that the word "liability" used in the statute in reference to jurisdiction has reference to rights of action springing from contract and that it does not apply to torts. The word "liability" is used in different senses in different statutes. We think it is intended to be used in its broad sense in the statute under consideration.

In 5 Words and Phrases, p. 4112, the word "liability" is defined as follows, among other definitions:

" 'Liability' is defined by Black's Law Dictionary to be 'the state of being bound or obliged in law or justice to do, pay, or make good something; legal responsibility.' Webster defines it to be 'the state of being bound or obliged in law or justice; responsibility.' Bouvier defines it to be 'responsibility; the state of one who is bound in law and justice to do something which may be enforced by action.' *Benge's Adm'r* v. *Bowling,* 106 Ky. 575, 51 S. W. 151."

" 'Liability' has been defined as 'responsibility; the duty of one who is bound in law and justice to do something which may be enforced by action.' This liability may arise from contracts, express or implied, or in consequence of torts committed. *Piller* v. *Southern Pac. R. Co.,* 52 Cal. 42, 44."

In 5 Words and Phrases, p. 4111, are found the following definitions:

" 'Liability,' as defined in Abb. Law Dist. 38, means 'amenability or responsibility to law; the condition of one who is subject to a charge of duty which may be judicially enforced.' *Wood* v. *Currey,* 57 Cal. 208, 209."

" 'Liability,' as a legal term, signifies that condition of affairs which gives rise to an obligation to do a particular thing to be enforced by action; as we say an executor is liable for the debts of his testator, or a principal is liable for the acts of his agent. *Haywood* v. *Shreve,* 44 N. J. Law (15 Vroom) 94, 104."

" 'Liability' is responsibility; the state of one who is bound in law and justice to do something which may be enforced by action. This liability may arise from contracts, either express or implied, or in consequence of torts committed.' Bouv. Law Dict. The term is broader than the term 'debt.' *McElfresh* v. *Kirkendall*, 36 Iowa, 224, 226; *Lattin* v. *Gillette,* 95 Cal. 317, 30 P. 545, 546, 29 Am. St. Rep. 115; *Benge's Adm'r* v. *Bowling,* 106 Ky. 575, 51 S. W. 151.''

"Giving the words "obligation and liabilities' their full force and effect in Gen. St. 1889, par. 1268, providing that any two or more railroad companies may consolidate and form one company, subject to all the obligations and liabilities to the state which belonged to or rested upon either of the companies making such consolidation, 'obligations' may be construed as embracing all pecuniary duties in the way of being answerable for debts, demands etc. 'Liabilities' may mean the burdens imposed by the Constitution and the statutes; that is, the responsibility or bounden duty to the state under the Constitution and statutes. If obligations to the state only were intended by both terms, it would not have been necessary to have added the words 'liabilities to the state,' because 'liabilities, is defined as the state of being liable, as the liability of an insurer, liability to the law, responsibility, accountability, bounden duty. To hold that 'obligations and liabilities' was limited to the state only would be to say that the legislature was guilty of a repetition of the same meaning in different words. *Berry* v. *Kansas City, Ft. S. & M. R. Co.,* 52 Kan. 759, 34 P. 805, 808, 39 Am. St. Rep. 371.''

We think these definitions are appropriate to the word "liability" as used in section 2223, Hemingway's Code (section 2724, Code of 1906), and that the defendant could rightfully be sued in the district where the injury was committed. It is unnecessary to deal with the question whether the defendant waived his privilege of claiming the venue in the justice court.

We do not think the point well taken that the suit was brought into the justice court for the purpose of defrauding the circuit court of its jurisdiction. While it is true that the plaintiff's evidence in the circuit court is conflicting and some parts of his evidence carry the idea that the mule was injured in a greater amount than two hundred dollars, yet taking his evidence as a whole and considering it in the light of a finished trial in which the justice of the peace found the value to be eighty-five dollars, and the jury of the county on appeal also found the mule to be worth eighty-five dollars, coupled with the fact that the claim as amended in the circuit court was for eighty-five dollars, which is nothing near the statutory limit of the justice's jurisdiction of two hundred dollars, there was no purpose to defraud the circuit court of its jurisdiction, or to deliberately undervalue. the property for the purpose of obtaining jurisdiction in the justice court.

We think the verdict is sustained by the evidence. It is true that there was a conflict between the version of the plaintiff and that of the defendant as to how the injury occurred. But the plaintiff's evidence was found to be true and we do not feel authorized to disturb the jury's finding as it is supported by the evidence. We do not think there was error committed in giving the instructions complained of.

On cross-appeal we think the contention of the appellee is correct. There was a verdict for eighty-five dollars in the justice court and a verdict for the same amount in the circuit court, and the statute allows damages in the sum of ten per cent. of the amount recovered in the court below in such cases.

The judgment of the court below will be affirmed on direct appeal and reversed, and judgment here for appellee, adding ten per cent. damages, which should have been allowed by the circuit court.

Affirmed on direct appeal; reversed and judgment here on cross-appeal.

*Affirmed.*
*Reversed.*