GRANGE MUTUAL CASUALTY COMPANY and David Clemons, Appellants,

v.

Helen HOLLON and Donald Hollon, Appellees.

No. 90–CA–002555–S.

Court of Appeals of Kentucky.

Oct. 4, 1991.

C.V. Reynolds, Francis, Kazee & Francis, Prestonsburg, for appellants.

J. Douglas Graham, Campton, for appellees.

Before EMBERTON, HUDDLESTON and WILHOIT, JJ.

HUDDLESTON, Judge.

This is an appeal by David Clemons and his insurance carrier, Grange Mutual Casualty Company, from an award of post-judgment interest on damages recovered for personal injuries sustained by Helen and Donald Hollon. The sole issue is whether an unsuccessful appeal taken by the Hollons from a favorable, but allegedly inadequate, judgment relieved Clemons and Grange Mutual from their obligation to pay post-judgment interest. We agree with the trial court that it did not.

In 1985, the Hollons filed a tort action against Clemons arising out of an automobile accident. The case was tried on October 8, 1988, and Clemons was adjudged 100% at fault. Judgment was entered on a jury verdict awarding the Hollons $38,550.00, but the judgment made no provision for interest. Alleging, amongst other things, that the award was inadequate, the Hollons appealed to this Court which, on April 20, 1990, affirmed the award.

On June 1, 1990, after this Court's unpublished decision (No. 89–CA–003–MR) became final, Grange Mutual tendered two checks equal to the initial award, $38,-550.00, and taxable costs. The Hollons refused them on the ground that they did not include post-judgment interest. When Grange Mutual declined to increase its tender, the Hollons initiated this action seeking interest on the damage award from and after the entry of judgment until paid. In due course, the trial court adjudged Clemons and Grange Mutual liable for twelve percent interest on the original award, compounded annually, from October 8, 1988, until paid. The award was finally paid on November 19, 1990, but interest was not. This appeal followed.

In Kentucky, post-judgment interest is awarded pursuant to KRS 360.040:

A judgment shall bear twelve percent (12%) interest compounded annually from its date. A judgment may be for the principal and accrued interest; but if rendered for accruing interest on a written obligation, it shall bear interest in accordance with the instrument reporting such accruals, whether higher or lower than twelve percent (12%). Provided, that when a claim for unliquidated damages is reduced to judgment, such judgment may bear less interest than twelve percent (12%) if the court rendering such judgment, after a hearing on that question, is satisfied that the rate of interest should be less than twelve percent (12%). All interested parties must have due notice of said hearing.

Clemons and Grange Mutual first argue that they should not be required to pay interest because they "orally tendered" the amount initially adjudged to be due to the Hollons' counsel shortly after the judgment became final. The affidavit of counsel upon which this assertion is based does not support it. According to the affidavit, counsel for both parties discussed this case twice after judgment was entered. On both occasions, the Hollons' attorney indicated that his clients intended to appeal. In the second conversation, he told opposing counsel that his clients would abandon their appeal if the case could be settled for $75,000.00. At no time did Grange Mutual make an actual tender or pay into court the judgment award.

■ Mere discussions regarding settlement are not enough: "A tender requires more than just an offer; it requires the actual production of the funds which are admitted to be due by draft, check, cash or otherwise." *Faulkner v. Smith*, Ky., 747 S.W.2d 592, 593 (1988). *See also, Mutual Life Ins. Co. v. Hilander*, Ky., 403 S.W.2d 260 (1966).

■ After the Hollons' unsuccessful appeal to this Court, Grange Mutual physically tendered two checks equal in amount to the original award. This tender was refused because it did not include the interest to which the Hollons felt they were entitled and because it included a stipulation that they agree to the entry of an order of satisfaction. If the Hollons were entitled to interest, then the tender was ineffective. A tender of less than the total amount of an obligation is insufficient. Even an insignificant difference is regarded as material. *Greenwade v. Williams*, Ky., 281 S.W.2d 707 (1955); *Lester v. Garrett*, 179 Ky. 18, 200 S.W. 47 (1918). "Further, a tender must be without stipulation or condition." *Faulkner v. Smith, supra* at 593.

Clemons and Grange Mutual argue that when an unsuccessful appeal is taken by the party in whose favor a money judgment was rendered, interest does not accrue. In support of their argument, they cite *Milliken v. Haner*, 184 Ky. 694, 212 S.W. 605 (1919). That case involved a dispute between the beneficiary and the assignee of two life insurance policies as to which was entitled to the policy proceeds. Following a trial, the court adjudged the assignments invalid as being against public policy in view of the fact that the assignee had no insurable interest in the life of the insured. However, the court did award the assignee the sums he had paid for the assignments, with interest from the date of payment to the date of judgment. At all times, the carriers which had issued the policies stood ready to pay the proceeds to whomever the court determined was entitled to them.

On appeal, the assignee sought to reverse the trial court in order that he might recover all of the policy proceeds and not just the sums he had paid for the assignments. In the alternative, he sought post-judgment interest on the sums awarded him. The Court of Appeals declined his invitation to award interest, saying:

> It is because of his [the assignee's] contention that it [the trial court's award] has not been paid long since. Plaintiff has never raised any objection to its payment, and we are at a loss to know upon what theory defendant can obstruct the payment of his claim and still continue to draw interest on it. He not only did so by litigating the matter below but has actually prevented the payment of the money by the insurance companies by superseding the judgment appealed from and which ordered such payment. *Id.* 212 S.W. at 607.

*Eddington–Griffiths Const. Co. v. Ireland*, 168 Ky. 176, 181 S.W. 975 (1916), involved a different set of facts and a different result. In that case, a contractor brought suit against a railroad company for sums due it. A subcontractor was joined as a party defendant. The railroad company deposited funds due under the construction contract into court, leaving it to the contractor and its subs to fight among themselves over the right to the money.

A subcontractor was awarded a certain sum for work done for the contractor, but, dissatisfied with the amount awarded, appealed the judgment. The judgment was affirmed. On remand, the trial court ordered payment of the principal sum due the subcontractor from the monies deposited into court by the railroad company, but declined to award post-judgment interest. On the second appeal, the Court of Appeals reversed and awarded interest to the subcontractor, even though it had lost its appeal from the underlying judgment. The court held that the railroad company's deposit into court was not a tender sufficient to stop the running of interest as no order of distribution was entered and the right of distribution was not suspended during appeal by, for example, the posting of a supersedeas bond.

In an ancient case cited by the Hollons, *Tobin v. Wilson*, 26 Ky. 63 (1829), it was held that the failure of a party to tender into court the sum for which he had become liable, even though there was a question as to which of two parties to the action was owed the money, justified a requirement that he pay interest on the amount due to the individual to whom the sum was ultimately awarded.

In this case, the circuit court found as a matter of fact that the Hollons "did nothing to prevent [Clemons and Grange Mutual] from either paying the judgment or tendering payment into court to stop payment of interest; [and] that no tender of any payment was made until the partial tender was made on June 27, 1990 [after the initial judgment was affirmed on appeal]. This was made on the condition that it be accepted and a complete release given for satisfaction in full." These findings of fact are supported by the evidence and, not being clearly erroneous, may not be set aside on appeal. CR 52.01.

■ Given these findings, and in conformity with the authorities above-cited, we hold that an unsuccessful appeal from a favorable judgment deemed by the appealing party to be inadequate does not toll the running of interest on the initial award in the absence of an unconditional tender of the award to the appealing party. In the alternative, the judgment debtor may deposit the award into court subject to unrestricted withdrawal by the party prosecuting the appeal, that is, the judgment creditor.

■ As there was no tender of the initial award by Clemons and Grange Mutual to the Hollons until after the latter's unsuccessful appeal to this Court, nor any deposit of the sum owed into court, the Hollons are entitled to interest on the initial award from the entry of judgment until paid. Accordingly, the judgment from which this appeal is prosecuted is affirmed.

All concur.