**FAMILY FEDERAL SAVINGS BANK, Appellant,**

v.

**John T. HUGHES and Janice Hughes, Appellees.**

No. 93–SC–185–DG.

Supreme Court of Kentucky.

May 26, 1994.

J.K. Wells, Wells, Porter & Schmitt, Paintsville, for appellant.

Richard W. Martin, Ashland, for appellees.

REYNOLDS, Justice.

An issue of interest prompts this appeal. The Court of Appeals affirmed the judgment of Boyd Circuit Court which determined that Family Federal Savings Bank, a debtor, was liable for interest on the amount of money deposited into court, pursuant to court order.

This litigation began as a bank foreclosure action wherein it was determined that appellees, John T. and Janice Hughes, held a first mortgage against the subject real property and appellant held a subordinate lien. Appellant purchased the realty, at a court ordered sale, and was directed to deposit an amount with the clerk equal to the Hughes' judgment pending the bank's requested review as to the priority/validity of liens. Sub-sequently, the trial court confirmed the validity and priority of appellees' lien and the bank appealed to the Court of Appeals. The appeal was dismissed.

Appellees moved for a "pay-over" of the money held by the court; requested an execution for the balance of their judgment; and requested a hearing to determine the amount due under the judgment of October 1988. The court, by order, authorized payment of the deposited monies to appellees and set a hearing to determine the remaining, unpaid balance. Appellees were the only parties to introduce evidence, consisting of their CPA, determinative of the balance and interest alleged to be due. Judgment was entered directing appellant to pay an additional amount of $5,623.00, representing the amount of interest which accrued during the pendency of the first appeal until entry of the latter judgment.

■ Appellant contends that where the amount of a judgment plus interest accrued at that time is paid into court pursuant to court order, to be held by the clerk in an interest bearing account, the judgment creditor is not entitled to interest on the judgment during the deposit, except the amount earned by the deposit. Simplistically, does the depositing of money into court pursuant to a qualifying, restrictive court order relieve the bank of paying interest? The Court of Appeals answered in the negative and we agree.

Appellant maintains that by the weight of authority, a debtor who deposits money into court pursuant to court order is not liable for interest on the fund during the time it is in the court's custody. This is a generalization to be quickly shed in this case. There is nothing in the rules which provides for the stoppage of interest accruing upon a deposit made into court. Postjudgment interest is awarded pursuant to KRS 360.040. *See also* CR 67.03. Here, we are not confronted with an offer of judgment or a tender without stipulation. *Faulkner v. Smith*, Ky., 747 S.W.2d 592, 593 (1988). The bank's payment and deposit into court was pursuant to a specific and qualifying court order. Such reasoning is not unlike *Blasini–Stern v. Beech–Nut Life Savers Corp.*, 429 F.Supp. 533 (1975).

The presence of the fund in court did not constitute a tender. The judgments awarded herein (October 31, 1988, and May 3, 1991) directed the payment of interest. *Eddington–Griffiths Const. Co. v. Ireland,* 168 Ky. 176, 181 S.W. 975 (1916). We determine that, except in the case of a stakeholder, one depositing money into court does not thereby stop the running of interest against him where such deposit is not a tender to the judgment holder and does not entitle that party to unrestricted use of the money. *See De Toro v. DI–LA–CH, Inc.,* 31 Wis.2d 29, 142 N.W.2d 192 (1966). The case of *Grange Mut. Cas. Co. v. Hollon,* Ky.App., 816 S.W.2d 663 (1991), supports this reasoning.

In light of appellant's argument, we have further considered the basic elements which were before the trial judge, which included the characteristics of the case and the discretion of the judge as to the provisions of the order/judgment which provides for interest. The trial court's order (September 20, 1989) is exactingly clear. It directed the deposit be made into court by the bank and the amount of interest to be drawn and instructed the court clerk to invest such deposit in an interest bearing account until a court ruling upon the bank's exceptions. Without limitation, the bank was due credit for any interest earned by the deposit through the clerk's investment account. The investment was directed by the court's order, but such sum earned on the account is not in lieu of the interest specifically required/stated in the judgment or as provided by statute.

The decision of the Court of Appeals is affirmed.

All concur.