**HAZEL ENTERPRISES, LLC, Appellant**

v.

**Scott Allen RAY, Appellee**

**NO. 2015–CA–000628–MR**

Court of Appeals of Kentucky.

JANUARY 13, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Alan Pritchard, Memphis, Tennessee

BRIEF FOR APPELLEE: No brief for Appellee

BEFORE: JONES, MAZE, AND NICKELL, JUDGES.

## OPINION

MAZE, JUDGE:

Appellant, Hazel Enterprises, LLC (hereinafter "Hazel") appeals from an order of the Warren Circuit Court denying a motion to reconsider a prior holding that Appellee, Scott Ray, was not obligated to pay post-judgment interest following a Final Judgment and Order of Sale of his real property. Hazel argues that the trial court erred as a matter of law, as KRS 360.040 mandated Ray's liability for post-judgment interest.

We conclude that the facts and equities of this case, in combination with the discretion the law permitted the trial court, placed the trial court's decision within it its discretion. Therefore, we affirm.

## Background

On October 22, 2012, Hazel filed a Complaint seeking foreclosure upon and sale of Ray's real property located in Smiths Grove, Kentucky. Hazel owned the Certificate of Delinquency on property taxes Ray failed to pay on his property for the 2010 tax year. Hazel's Complaint sought recovery of its acquisition costs, interest, administrative fees, and pre-litigation attorney's fees, all totaling $1,086.02 as of the date of filing.

On July 18, 2013, the trial court granted summary judgment for Hazel and entered a Final Judgment and Order of Sale. This order included an award of $4,097.32, payable by Ray to Hazel, for nearly all of the aforementioned expenses as well as reasonable attorney's fees and litigation costs. However, the order included the court's handwritten exclusion of $350.00 in pre-litigation attorney's fees and the correlating change in the total amount of the judgment. Pursuant to this order, Ray sent, and Hazel received on August 2, 2013, a cashier's check for $4,097.32. However, Hazel returned the check to Ray with a letter stating, in part,

> there are some issues with the amount owed that we need to address before we can accept this check as full and final payment, so therefore we are returning it to you. As we discussed over the phone, the Master Commissioner is owed money that we must pay and Hazel Enterprises, LLC is entitled to reimbursement of this expense. Also, our attorney is looking into the reason the Judge crossed out the prelitigation fees in the Judgment. These fees are clearly allowed and authorized by KRS 134.452. This may be something our attorney will need to bring before the court for the court's reconsideration.

Hazel did not appeal or ask the trial court to reconsider its decision.

For reasons not immediately apparent in the record, the property went unsold and the proceedings stalled until October 2014 when Ray appeared by counsel and moved the trial court for avoidance of post-judgment interest accrued from the July 18, 2013, Final Judgment and Order of Sale. In support of his motion, Ray argued that Hazel was not entitled to post-judgment interest because it rejected his payment and effort to comply with the court's order. Ray also moved for the property to be remanded from a pending Master Commissioner's sale.

Following several appearances and hearings, the trial court entered an order on November 18, 2014, which found, *inter alia*, that Ray made a "good faith attempt" to comply with the Final Judgment and Order of Sale. Accordingly, the trial court held that Hazel was not entitled to post-judgment interest following its rejection of Ray's payment. The trial court also waived some of the then-pending Master Commissioner's fees. In total, the trial court's order required Ray to pay $900.00 in Master

Commissioner's expenses in addition to the $4,097.32 previously ordered. After the trial court overruled Hazel's motion to reconsider, Hazel filed a timely notice of appeal.

## Standard of Review

 This case exclusively concerns the trial court's decision to award no post-judgment interest in Hazel's favor. It is well-settled in Kentucky law that KRS 360.040 endows a trial court with the discretion to award interest at a rate less than twelve percent. *See Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 584 (Ky. 2009) and *Morgan v. Scott*, 291 S.W.3d 622 (Ky. 2009); *see also Univ. Med. Ctr., Inc. v. Beglin*, 432 S.W.3d 175 (Ky. App. 2014) (Maze, J., concurring). Therefore, we review the trial court's decision for an abuse of its discretion, that is, whether the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Miller v. Eldridge*, 146 S.W.3d 909, 914 (Ky. 2004) (quoting *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). In essence, we look for whether the trial court's decision, in light of the facts and the law pertinent to this case, "falls within a range of permissible decisions." *Id.* at 915 (internal citation and quotation marks omitted).

## Analysis

Hazel's sole argument on appeal is that the trial court erred as a matter of law when it permitted Ray to avoid payment of post-judgment interest accrued from the July 18, 2013, Final Judgment and Order of Sale. Hazel contends that the mandatory language of KRS 360.040 rendered its right to collect post-judgment interest "absolute" and removed an award of such interest from the discretion of the trial court. However, Kentucky case law—and even the statute itself—renders Hazel's argument untenable.

KRS 360.040 begins with the statement, "[a] judgment shall bear twelve percent (12%) interest compounded annually from its date." If the statute ended here, we might agree with Hazel that imposition of interest at twelve percent is mandatory and not subject to the discretion of the trial court. However, there is more to the statute. It continues, in its entirety,

A judgment may be for the principal and accrued interest; but if rendered for accruing interest on a written obligation, it shall bear interest in accordance with the instrument reporting such accruals, whether higher or lower than twelve percent (12%). Provided, that when a claim for unliquidated damages is reduced to judgment, such judgment may bear less interest than twelve percent (12%) if the court rendering such judgment, after a hearing on that question, is satisfied that the rate of interest should be less than twelve percent (12%). All interested parties must have due notice of said hearing.

*Id.* The remainder of the statute expressly permits a trial court to impose an interest rate of less than twelve percent—or even no interest at all—on a claim on unliquidated damages.

 The damages in this case are unliquidated. A "liquidated amount" is one which "can be determined by simple calculation, can be determined with reasonable certainty, can be determined pursuant to fixed rules of evidence or can be determined by well-established market values." *Neurodiagnostics v. Modern Radiology*, 2010 WL 5018565 (Ky. App. 2010), (citing to *3D Enters. Contracting Corp. v. Louisville and Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky.2005)). According to this definition, "liquidated damages" are those "the amount of which has been made certain and fixed either by the act and agreement of the parties or by

operation of law to a sum which cannot be changed by the proof." *Id.* By contrast, "unliquidated damages" are "damages that have been established by a verdict or award but cannot be determined by a fixed formula so they are left to the discretion of the judge or jury." *Id.*

■ Though statutes permit third-party purchasers to charge and recover for certain expenses ultimately awarded in the Final Judgment, such as prelitigation attorney's fees, the imposition and total amount of these fees and costs vary from case to case and cannot be readily ascertained or precisely quantified under a fixed formula. Rather, each case requires calculation of these fees and costs, as well as a trial court's review and approval in the form of a final judgment and award. This point was demonstrated in this case by the trial court's decision against awarding prelitigation attorney's fees and its correlating handwritten amendment to its order. By definition, the sum to which the trial court held Hazel was entitled in the Final Judgment and Order of Sale constituted the "unliquidated damages" contemplated under the second half of KRS 360.040. The trial court "reduced to judgment" this sum, at which time the statute endowed the trial court with discretion over the award and rate of post-judgment interest.

Kentucky Courts have repeatedly reached the same conclusion as we reach in reading KRS 360.040 to permit a trial court discretion over the imposition of post-judgment interest. *See Ensor v. Ensor*, 431 S.W.3d 462, 477 (Ky. App. 2014) ("[T]he trial court may find that the statutory interest rate is not appropriate given the equities of the particular case and may deny post-judgment interest altogether.") (citing *Courtenay v. Wilhoit*, 655 S.W.2d 41, 42 (Ky. App. 1983)). *See also Emberton*, 299 S.W.3d at 584; *Stone v. Kentucky Ins. Guar. Ass'n*, 908 S.W.2d 675 (Ky.

App. 1995); *Young v. Young*, 479 S.W.2d 20, 22 (Ky. 1972) and *Guthrie v Guthrie*, 429 S.W.2d 32, 36 (Ky. 1968).

■ The only conclusion to be drawn from this case law and the express language of KRS 360.040 is that the imposition of interest—at twelve percent or any rate—is not mandatory. The statute "simply requires that a trial court must impose the statutory rate of interest once it determines that interest is appropriate." *Ensor* at 477, (citing *Courtenay* at 42,). In the face of Hazel's inexplicably ardent argument to the contrary, we will once again declare what Kentucky law already states: payees such as Hazel do *not* possess an "absolute right" to post-judgment interest under KRS 360.040.

Before applying the law to the facts and equities of the present case, we point out that, although in the context of a different statute, this Court—and in fact, this Judge—has recently addressed similar circumstances to these. In *Tax Ease Lien Servicing, LLC v. Smith*, 2014 WL 7013251, 2013–CA–002095 (Ky. App., Dec. 12, 2014), Smith, a payor on a delinquent tax bill, submitted a check as proposed settlement of the debt and various litigation and attorney's fees incurred by Tax Ease, a third-party purchaser of the tax bill. The check constituted an amount well in excess of the original tax bill and the amount listed in a previous agreed order. Nevertheless, Tax Ease returned the check, asserting that Smith owed significantly more in additional fees and interest. The trial court in *Smith* refused to impose interest beyond the date Smith submitted his check as settlement of the debt and fees. We affirmed, holding that the base amount for which Smith was responsible was reasonably viewed as paid when he submitted his check. Hence, we agreed with the trial court that Tax Ease was not

entitled to post-judgment interest beyond that date.

 Although *Smith* concerned an award of interest under a different statute, KRS 134.452, the level of discretion owed to that trial court and to this trial court is the same. More importantly, the facts and equities before the trial court bring the trial court's decision to award no post-judgment interest within the "range of permissible decisions." *Miller*, 146 S.W.3d at 915 (internal citation and quotation marks omitted). Like Smith, in this case, Ray tendered full and unconditional payment in almost immediate compliance with the trial court's order of July 18, 2013.[1] Hazel refused payment, asserting then as it does now that additional fees owed to the Master Commissioner, the number and amount of which could not have been known to Ray at that time, prevented it from accepting Ray's payment. While Hazel may have been within its rights to reject Ray's payment, we must agree with the trial court that Hazel's decision to do so, in the hope of recovering additional, unspecified expenses, reasonably placed its claim for post-judgment interest at risk. Certainly, equity demands that Hazel should not benefit from a fifteen-month delay for which it was solely responsible after rejecting Ray's attempt at full compliance and nevertheless deciding it would not appeal the Final Judgment and Order of Sale. While it is not our place to suggest a better means of handling the situation which confronted Hazel, we will suggest that one must exist.

### Conclusion

Kentucky law permits a trial court's reduction or elimination of post-judgment interest in certain circumstances. We are unable to find an abuse of discretion within the trial court's conclusion that such circumstances existed in this case. Accordingly, the Warren Circuit Court's Final Judgment and Order of Sale and order overruling Hazel's motion to reconsider are affirmed.

ALL CONCUR.

---

1. It is worth noting that in *Grange Mut. Cas. Co. v. Hollon*, 816 S.W.2d 663, (Ky. App. 1991), this Court more than implied that tendering payment which is unconditional and involves "actual production of the funds which are admitted to be due by draft, check, cash[,] or otherwise" may be sufficient "tender" of payment to toll the accrual of post-judgment interest.