CUNNINGHAM, J., DISSENTING:
I agree with most of the majority's interpretation of KRS 360.040. However, I do not agree with the majority's analysis *460 and conclusion concerning the specific facts of this case. Therefore, I respectfully dissent.
The trial court denied Karen interest in the judgment for the following reasons: (1) although some steps were taken to collect the judgment, there was no significant attempt to do so until 2008; (2) Karen had enforceable judgment liens against Sam's property; (3) Sam's good faith belief that he was not obligated to pay the judgment until all remaining issues regarding the parties' financial issues were resolved; (4) it was disputed whether Sam attempted to settle all pending issues between the parties; and (5) awarding interest would be an amount twice that of the principal.
Based on these multiple and detailed findings, I cannot say that the trial court abused its discretion in denying Karen interest on the judgment. In other words, I cannot conclude that the trial court's findings here were "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Hazel Enters., LLC v. Ray, 510 S.W.3d 840, 843 (Ky. App. 2017). It is also noteworthy that more than a decade passed before Karen attempted to enforce the judgment or raise the issue of interest. Moreover, the judgment at issue here arises from and concerns a matter of equity. By their very nature, such matters vest trial courts with a great deal of discretion otherwise remiss in actions at law. Considering this record and the stringent abuse of discretion standard of review we must apply, all within the greater context of the equitable nature of the present matter, I would affirm the trial court's ruling.
I also have concerns with the application of the majority's holding in future cases. In lieu of remanding this case for an additional hearing on the amount of interest to be imposed on the unliquidated sum, the majority instead orders the trial court to award interest at the maximum statutory rate of 12 percent. As such, the majority has denied the trial court the opportunity to consider what rate of interest would be appropriate under the new precedent established here.
In addition, the majority's opinion seems to imply that any unliquidated judgment where interest is assessed at less than 12 percent is subject to an abuse of discretion review by an appellate court. This may create more problems than intended and will likely further diminish the discretion appellate courts should and must provide to our family courts. Therefore, I respectfully dissent.