**U.S. NATIONAL BANK ASSOCIATION as successor in interest to Wachovia Custodian for Sass Muni V DTR, Appellant/Cross–Appellee**

v.

**AMERICAN GENERAL HOME EQUITY, INC; Tammy Childers n/k/a Tammy Ward; John Childers; Johnson County, Kentucky; City of Paintsville; Tax Ease Lien Investments 1, LLC, Appellees**

and

**Tax Ease Lien Investments I, LLC, Appellant/Cross–Appellee**

v.

American General Home Equity, Inc; U.S. National Bank Association, as successor in interest to Wachovia Custodian for Sass Muni V DTR; Tammy Childers n/k/a Tammy Ward; John Childers; Johnson County, Kentucky; City of Paintsville, Appellees.

Nos. 2010–CA–002081–MR [1], 2010–CA–002082–MR.

Court of Appeals of Kentucky.

Oct. 5, 2012.

---

**1.** Consolidated by Court Order of June 1, 2011.

M. Jake Bliss Lexington, KY, for Appellants Tax Ease Lien Investments 1, LLC; and U.S. Bank National Association as successor in interest to Wachovia Custodian for Sass Muni V DTR.

M. Scott Mattmiller, Harold L. Kirtley, II Lexington, KY, for Appellee American General Home Equity, Inc.

Before CAPERTON and THOMPSON, JUDGES; LAMBERT,[2] Senior Judge.

## OPINION

LAMBERT, Senior Judge:

Tax Ease Lien Investments 1, LLC (Tax Ease) and U.S. Bank National Association, as successor in interest to Wachovia Custodian for Sass Muni V DTR (U.S. Bank), appeal from a post-judgment order of the Johnson Circuit Court. The circuit court held that the foreclosure sale purchaser American General Home Equity, Inc. (American General) was required to pay only the amount in excess of its judgment-lien credit on its winning sale. Tax Ease and U.S. Bank argue that American General should be required to pay the full amount of its bid for apportionment among the senior lien-holders. For the reasons hereinafter set forth, the circuit court's order is reversed, and this matter is remanded for entry of a new order directing American General to tender the remaining balance on its prevailing bid. Thereafter, the court shall properly apportion the proceeds to priority lien-holders Tax Ease and

---

2. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

U.S. Bank, and thereafter reimburse the remainder, if any, to American General.

The underlying facts of this action are not in dispute. On March 27, 2008, American General filed a mortgage foreclosure action against John and Tammy Childers. In its complaint, American General alleged that the Childers had executed a note in the amount of $32,858.26 on August 27, 1999. The note was secured by the Childers' real property located in Paintsville, Kentucky. American General further alleged that the Childers defaulted on the note with a remaining balance owed on the note of $17,760.40. In addition to foreclosure on the property, American General sought judgment against the Childers and a determination that its lien had priority except as to liens for unpaid real property taxes.

The Childers did not file an answer to the complaint, but several other entities filed claims asserting liens for unpaid real property taxes. The City of Paintsville filed claims for taxes totaling $1,741.29. Johnson County, Kentucky filed a claim for unpaid taxes in the amount of $1,150.47. U.S. Bank filed a claim alleging that it was owed taxes in the amount of $4,941.25. And finally, Tax Ease filed a claim that it was owed $1,415.37 plus fees and interest.

On February 23, 2009, the trial court entered summary judgment *in rem* in favor of American General. The judgment recited that American General was entitled to the principal sum of $11,118.91, plus court costs of $236, and attorney fees of $1,500, for a total of $12,854.91. The judgment also recited that American General's lien was prior and superior to all other liens, except liens for unpaid city, county and state taxes.

In addition, the trial court ordered the real estate sold by the Master Commissioner. The order directed that costs and fees of the commissioner's sale have first priority on the sale proceeds, followed by the tax liens, and then the foreclosure judgment lien. Finally, the order provided that the purchaser would take the property free and clear of any liens.

The Master Commissioner conducted the judicial sale of the real estate on June 25, 2009. American General was the highest bidder with a bid of $18,350 and purchased the property. Pursuant to the order of sale, American General elected to take credit for the amount of its judgment lien against the purchase-price of the property. American General paid the Master Commissioner's fee of $1,468.50. After applying American General's credit, the Master Commissioner determined that the remaining balance on the purchase price was $4,026.59. The trial court confirmed the Commissioner's report of sale without objection from any party.

Thereafter, the parties submitted their statements for payment of outstanding property tax bills. The City of Paintsville claimed $1,052.91; Johnson County sought $5,369.41; U.S. Bank asserted $9,196.36; and Tax Ease demanded $2,561.87. U.S. Bank and Tax Ease also moved for a distribution of the entire $18,350 sale price among the tax lien holders. American General argued that it was not liable for any of the property tax liens, since those amounts constitute the personal debt of the Childers.

On September 9, 2010, the trial court entered its findings of fact, conclusions of law and order deciding the issue. The court concluded that American General was entitled to a credit for the full amount of its judgment against the purchase price of the property at the Commissioner's sale. However, the court further found that American General was liable for the remaining $4,026.59 balance of its bid, with

that sum to be apportioned among the lien-holders.

U.S. Bank and Tax Ease each filed motions to alter, amend or vacate the order pursuant to Kentucky Rules of Civil Procedure (CR) 59.05. They argued that American General should not be permitted to use a credit bid to effectively defeat their superior liens against the sale proceeds. On October 18, 2010, the trial court denied the motions, concluding that American General was entitled to use its judgment as a credit bid in this manner. Tax Ease and U.S. Bank each appealed from the trial court's orders on this issue, and their appeals have been consolidated before this Court.

The parties agree that liens resulting from *ad valorem* taxes "shall have priority over any other obligation or liability for which the property is liable." KRS 134.420(3). However, this case turns on American General's use of a credit bid to purchase the property at the Master Commissioner's sale and the effect of its credit bid on the rights of the senior lien-holders. Tax Ease and U.S. Bank maintain that American General's bid should be treated the same as a cash bid. They argue that since tax liens are superior to American General's judgment lien, American General cannot avoid paying the full amount of its bid, which should then be apportioned among the lien-holders. In response, American General contends that only the "proceeds" of the sale must be apportioned among the holders of the tax liens. Since American General used a credit bid to purchase the property, it contends that the only proceeds from the sale consist of the amount it paid into court in excess of its credit.

█ The parties concentrate on what constitutes the "proceeds" of a judicial sale. However, we are persuaded that the decisive issue concerns the nature of credit bids at judicial sales. Although there is no statutory or case law on the subject, the parties agree that credit bids are commonly used at judicial sales. The purpose of allowing a credit bid is to avoid the inefficiency of requiring a bidder to tender cash where a portion of it would be immediately returned. *See Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 900 P.2d 601, 606, 44 Cal.Rptr.2d 352, 357 (Cal. 1995), citing *Cornelison v. Kornbluth,* 15 Cal.3d 590, 607, 125 Cal.Rptr. 557, 569, 542 P.2d 981, 993 (Cal.1975) (generally discussing the use of credit bids and the full-credit-bid rule at non-judicial foreclosure sales). Under the terms of the trial court's summary judgment, American General was granted a judgment lien against the real property in the amount of its judgment. After the Master Commissioner's sale, American General was entitled to use its judgment lien as a credit against its bid on the property, but only after all lien priorities were observed. Any credit to which American General was entitled could have only the same priority as its underlying lien. However, as applied, the credit bid procedure allowed American General to effectively step to the head of the line and diminish the rights of the senior lien-holders, the taxing authorities.

█ However, since the trial court confirmed the Master Commissioner's sale without objection from any party and with no party appealing from that order, American General argues that the trial court's acceptance of its credit bid is not subject to review. *Owen v. DCR Mortg. III Sub I, LLC,* 337 S.W.3d 652, 656 (Ky.App.2011), citing *Moore v. Waltman's Adm'x,* 288 Ky. 258, 156 S.W.2d 100, 105–106 (1941). We agree with American General that an order confirming a commissioner's sale is ordinarily a final order subject to immediate appeal. *Young v. U.S. Bank, Inc.,* 343 S.W.3d 618, 620 (Ky.App.2011) *citing Secu-*

*rity Federal Savings & Loan Association of Mayfield v. Nesler,* 697 S.W.2d 136, 138 (Ky.1985) and *Newsom v. Johnson,* 255 S.W.2d 33, 34 (Ky.1953).

However, the disputed issues in this case do not concern the trial court's July 6, 2009, "Order Approving [the commissioner's] Sale." At issue is the proper determination of the amount of the tax liens after the sale of the property. The trial court's July 6, 2009, "Order Approving Sale" approved only the Master Commissioner's conduct of the sale and acceptance of American General's bid. That order did not finally adjudicate the rights of the respective lien-holders or any questions concerning American General's obligations as the winning bidder at the commissioner's sale. Indeed, the trial court specifically directed the Master Commissioner to issue a deed only "[u]pon payment in full of the purchase price. . . ."

Although the trial court's July 6, 2009, order was final and appealable as to the judicial sale, that order did not concern the issues presented in this appeal. Rather, the controlling issues concern the apportionment of the sale proceeds among the various lien-holders and the value of the credit to which American General is entitled. American General is entitled only to a credit for the net amount it would be entitled to receive from the proceeds of the sale. Since its judgment lien was inferior to the tax liens, the net amount due American General could only be determined after the sale proceeds were distributed to the superior lien-holders. The trial court could only make this determination after the sale was confirmed, the sale price was fixed, and the tax liens calculated.

In fact, the trial court did not make any of these determinations until its order of September 9, 2010. Until that time, the court had not made an adjudication of all the rights of all of the parties and there was no final and appealable order on these issues. CR 54.01. Therefore, U.S. Bank and Tax Ease appealed, and their appeal is timely.

■ We hasten to add, however, that in a proper case, an order confirming a commissioner's sale may be appealable. If a party claimed a defect in the sale itself such as failure to advertise, failure to obtain the required appraisal or mistakes in the conduct of the sale, an appeal would be available from the order confirming the sale. *Young v. U.S. Bank, Inc., supra.* But there is no claim here of any such defect. Accordingly, there was no need for any party to appeal from the order confirming the sale because there was no disagreement with it. The disagreement came later when the superior tax lien claimants submitted their claims and demanded payment from the sale proceeds.

As previously noted, American General paid $4,026.59 toward its winning bid. This sum is $12,854.91 less than its total bid. Since the City of Paintsville and Johnson County have not appealed from the circuit court's order, they will be limited to their *pro rata* share of the amount previously paid by American General. However, Tax Ease and U.S. Bank did appeal and they are entitled to an apportionment of the remaining $12,854.91 of American General's bid, up to the amounts of their respective tax liens. American General will be entitled to take a credit against its bid only for the amount which remains after payment of the tax liens as set forth herein.

Accordingly, the post-judgment order of the Johnson Circuit Court apportioning the proceeds of the Master Commissioner's sale is reversed. This matter is remanded to the circuit court with directions to enter an order applying the remaining $12,894.91 of American General's bid to

the tax liens of Tax Ease and U.S. Bank. After making this calculation, the trial court shall determine the credit, if any, which American General is entitled to claim from the proceeds, and enter an order directing American General to pay the remaining balance on its bid in order to complete its purchase of the real property.

ALL CONCUR.