THOMPSON, JUDGE:
Kentucky Tax Bill Servicing, Inc. (KTBS) appeals from an order of the Rowan Circuit Court confirming a judicial sale, ordering the distribution of the sale proceeds and directing that a deed be issued. KTBS argues the trial court lacked jurisdiction to alter its 2015 judgment and order *151 of sale awarding KTBS post-judgment interest at the rate of 12%; interest on the certificate of delinquency until the proceeds of the sale were distributed; and attorney fees incurred after the judgment and order of sale.
We conclude that the 2015 judgment and order of sale did not resolve the issues of post-judgment interest, interest under Kentucky Revised Statutes (KRS) 134.125, and costs and attorney fees incurred after the entry of the 2015 judgment and order and, therefore, the circuit court could properly consider such awards to KTBS. We further conclude that the trial court did not abuse its discretion when it denied post-judgment interest. However, it had no discretion to deny simple interest on the amount owed on the certificate of delinquency until the proceeds were distributed. Finally, we conclude the trial did not abuse its discretion when it denied attorney fees claimed after the judgment and order of sale.
KTBS is the holder of a 2005 certificate of delinquency for delinquent ad valorem taxes assessed against the real property located at 1105 Ky Highway 137, Morehead, Kentucky 40351 owned by Douglas Ray Fultz. The original tax bill was purchased by KTBS for $1,943.60. On September 2, 2011, when KTBS filed a foreclosure action against the property, the amount due on the certificate of delinquency was $3,890.65. There were multiple holders of certificates of delinquency named in the action.
On January 6, 2015, a judgment and order of sale was entered. KTBS was awarded $10,085.67 "with interest at the statutory rate of 12% until paid plus any continuing [costs] or attorney's fees[.]" The $10,085.67 awarded included $3,918.50 in litigation attorney fees. The property sold on June 29, 2016, for $53,000.
On July 29, 2016, KTBS moved the circuit court to distribute the sale proceeds on a pro rata basis among the tax lien holders in conformity with its 2015 judgment and order. KTBS requested a total of $23,358.01, to include post-judgment interest at the rate of 12% and $7,324.50 in post-judgment litigation costs. The matter was referred to the master commissioner.
On October 19, 2016, the master commissioner recommended that adjustments to KTBS's claim for post-judgment interest and attorney fees be made. First, the master commissioner had "serious reservations" about the original tax bill for $1,943 becoming a judgment in the amount of $10,085.67. The master commissioner noted that attorney fees are governed by KRS 134.452 and that the hourly rate charged by local attorneys in the Morehead area for similar work performed by KTBS's attorney was an average of $150 per hour, far less than the $245 per hour requested by KTBS for the principal attorney, the $225 per hour charge for an associate and $100 per hour for paralegal work. It further noted that the litigation had been delayed, in part, by KTBS's failure to prosecute the action and in setting the property for sale and there was nothing complex about the litigation. The master commissioner recommended "that the post-judgment costs and attorneys' fees be denied, and a careful review of the amount of interest that accrued during long periods of inactivity and [KTBS's] claim for interest be adjusted accordingly."
On December 6, 2016, the circuit court issued an order confirming, order of distribution and order for deed. The trial court found that an award of post-judgment interest to KTBS was not warranted. It noted that "[a]lthough the action was filed against Fultz, and although the judgment appears to reflect a personal judgment against Fultz, it is actually an in rem *152 action to enforce a lien against the property." It further found that given the lienholders' claims exceeded the amount of money available for distribution, post-judgment interest was not appropriate.
Although the trial court expressed regret that it awarded KTBS $10,085.67 in the judgment and order of sale including attorney fees, it concluded that it could not revisit that award. As to KTBS's claim for attorney fees after the entry of the judgment and order of sale, the trial court adopted the recommendation of the master commissioner and denied the claim.
KTBS's initial contention is that after the expiration of ten days, the circuit court lost jurisdiction to alter its 2015 order, including the award of post-judgment interest and post-judgment attorney fees and costs. We disagree.
Unless a timely motion under Kentucky Rules of Civil Procedure (CR) 59 is filed, "[a] trial court loses control of a judgment." Kentucky Farm Bureau Ins. Co. v. Gearhart, 853 S.W.2d 907, 910 (Ky. App. 1993). In Sec. Fed. Sav. & Loan Ass'n of Mayfield v. Nesler , 697 S.W.2d 136, 139 (Ky. 1985), the Court held that a final judgment and order of sale was a final and appealable order and the trial court could not change the payment priorities established in that order in its subsequent final judgment and order confirming sale entered more than ten days later. However, this Court has consistently recognized that a foreclosure action is a multifaceted proceeding from which multiple final and appealable orders may arise.
In U.S. Nat. Bank Ass'n v. Am. Gen. Home Equity, Inc. , 387 S.W.3d 345 (Ky. App. 2012), the trial court issued a post-judgment order ruling that American General Home Equity, Inc., the foreclosure sale purchaser, was required to pay only the amount in excess of its judgment lien. Other lienholders argued that the purchaser should be required to pay the full amount of its bid for apportionment among the senior lienholders. This Court first addressed whether the order confirming the commissioner's sale adjudicated the issue presented.
Although any claimed defect in the sale was resolved by the order confirming the sale, the claim on appeal arose from a later dispute when the superior tax lienholders submitted their claims and demanded payment from the sale proceeds. Id. at 349. As the Court pointed out, the net amount due American General when the final judgment and order of sale was entered could not be determined. That determination could only be made "after the sale was confirmed, the sale price was fixed, and the tax liens calculated." Id.
Although the issue of finality of a final judgment and order of sale was not directly addressed, in Hazel Enterprises, LLC v. Ray , 510 S.W.3d 840, 843 (Ky. App. 2017), this Court implicitly held that it was not final as it pertained to the issue of post-judgment interest. In that case, fifteen months elapsed after the final judgment and order of sale and when the property owner "moved the trial court for avoidance of post-judgment interest accrued from the July 18, 2013, Final Judgment and Order of Sale." Id. at 842. Ultimately, this Court concluded that the trial court properly denied post-judgment interest based on the lienholder's conduct after the final judgment and order of sale was entered. Id. at 845.
We conclude the amount of post-judgment interest and the post-litigation attorney fees were not and could not be adjudicated at the time the final judgment and order of sale was entered. The trial court could properly consider these issues when considering the distribution of the sale proceeds.
*153 Hazel Enterprises, LLC is instructive on KTBS's claim for post-judgment interest. This Court held the award of fees and costs to the certificate holder in the final judgment and order of sale was an unliquidated amount until "reduced to judgment" and, under the post-judgment interest statute, KRS 360.040,[1] the trial court had the discretion to deny post-judgment interest. In that case, the certificate of delinquency holder rejected the property owners' tendered payment in compliance with the trial court's order asserting it believed it was entitled to a greater amount for costs and prelitigation attorney fees than awarded. This Court held that the facts and equities of the case brought "the trial court's decision to award no post-judgment interest within the 'range of permissible decisions.' " Id. (quoting Miller v. Eldridge , 146 S.W.3d 909, 914 (Ky. 2004) ). "We ... once again declare[d] what Kentucky law already states: payees such as Hazel do not possess an 'absolute right' to post-judgment interest under KRS 360.040." Id. at 844.
The purpose of post-judgment interest "is to encourage a judgment debtor to promptly comply with the terms of the judgment and to compensate the judgment creditor for the judgment debtor's use of his money." Stone v. Kentucky Ins. Guar. Ass'n , 908 S.W.2d 675, 678 (Ky. App. 1995). It is a matter within the sound discretion of the trial court. Ison v. Robinson , 411 S.W.3d 766, 774 (Ky. App. 2013).
The trial court found that in this foreclosure action, it would not further the purpose of post-judgment interest to make such an award to KTBS. As noted by the trial court, although "the judgment appears to reflect a personal judgment against [the property owner], it is actually an in rem action to enforce a lien against the property." Moreover, post-judgment interest would only serve to decrease the pro rata shares of the remaining lienholders. The trial court did not abuse its broad discretion in denying post-judgment interest.
KTBS argues that even if post-judgment interest was properly denied, it is entitled to simple interest on the underlying certificate of delinquency until the date of the order of distribution. We agree.
KRS 134.125(2) provides:
If a certificate of delinquency is paid by a third-party purchaser, the amount paid by the third-party purchaser shall become the base amount upon which simple interest is initially calculated. Interest shall be calculated in subsequent months on the outstanding balance of the base amount until paid.
Unlike the post-judgment interest statute, the trial court does not have discretion to deny interest that accrues on a certificate of delinquency prior to it being paid. Hazel Enterprises v. Mitchuson , 524 S.W.3d 495, 499 (Ky. App. 2017).
Until the proceeds of the sale were distributed, the amount owed on certificate of delinquency remained unpaid. Therefore, the trial court erred when it did not award KTBS's pro rata share of the simple interest on the underlying certificate from its date of purchase through the date of the order confirming, order of distribution and order of deed.
KTBS claims it is entitled to $7,324.50 in attorney fees in addition to the $3,918.50 already awarded. While a certificate of delinquency holder is entitled to *154 reasonable attorney fees in the collection process, there must be and is some limitation on the amount awarded.
Tax collection is a necessary part of our government. Consequently, the General Assembly had expressly recognized that "third-party purchasers play an important role in the delinquent tax collection system, allowing taxing districts to receive needed funds on a timely basis." KRS 134.452(5). By enacting KRS 134.452, the General Assembly has provided that third-party purchasers enjoy some measure of profit from their efforts.
KRS 134.452(1) permits prelitigation attorney fees with limitations. Subsection (2) permits the purchaser to "collect the installment payment processing fee authorized by KRS 134.490(5)." Subsection (4) states the purchaser "may collect administrative fees incurred for preparing, recording, and releasing an assignment of the certificate of delinquency in the county clerk's office, not to exceed one hundred fifteen dollars ($115)." At issue here is subsection (3), which states:
(a) In addition to the fees established by subsections (1), (2), and (4) of this section, a third-party purchaser may collect actual, reasonable attorneys' fees and costs that arise due to the prosecution of collection remedies or the protection of a certificate of delinquency that is involved in litigation. Fees and costs permitted under this subsection include fees and costs incurred from the first day after the notice required by KRS 134.490(2) is sent through the day any litigation is finally concluded.
(b) For purposes of this subsection:
1. Actual attorneys' litigation fees up to two thousand dollars ($2,000) may be reasonable if the fees are based upon documented work performed at a rate commensurate with hourly rates customarily charged by private attorneys in that jurisdiction for similar services. A flat rate, without hours documented for work performed, may be reasonable if the flat fee is determined to be discounted from the usual and customary rates for comparable work; and
2. Any attorneys' litigation fee in excess of two thousand dollars ($2,000) shall be allowed if authorized by the court upon a finding that the third-party purchaser incurred actual attorneys' litigation fees in excess of two thousand dollars ($2,000) and that those attorneys' litigation fees were warranted based upon the complexity of the issues presented in the litigation.
As we noted in Hazel Enterprises, LLC. , 524 S.W.3d at 500, a third-party purchaser is not entitled to whatever fees and costs it claims. "The express language of the statute requires that fees asserted must be for actual work performed and that the work must be documented to the court." Id. Ultimately, the decision as to the amount of attorney fees is within the trial court's discretion. Id.
We agree with KTBS that a trial court may award costs and attorney fees incurred after the entry of the final order of judgment and sale and through the day "any litigation is finally concluded." Here, KTBS was awarded $2,503.25 for cancellation fees paid by KTBS when a scheduled sale of the property was cancelled because of Fultz's bankruptcy filing. However, the trial court adopted the master commissioner's conclusion that KRS 134.452(3) does not authorize "fees for post-judgment legal work separate from fees for ordinary litigation."
*155 The trial court was correct that post-judgment attorney fees are not separate from litigation fees as used in the statute. Such fees are included in "litigation fees" and are subject to the $2,000 limitation. Unless additional fees were actually incurred because the issues involved were more complex than normally involved in an action to collect a certificate of delinquency, the fees may be denied. Ultimately, the question of whether the additional amounts claimed are reasonable is to be decided by the trial court "with a view to common sense realism[.]" Id.
As the trial court found, there was nothing complex about the issues presented after the order of judgment and sale was entered. Notably, of the $7,324.50 claimed in attorney fees, more than one-half that amount, $4,340 is claimed for travel to a total of five court appearances in Rowan County by KTBS's counsel. While KTBS's attorney performed work after the order of judgment and sale, that work was no more than could be reasonably expected in any foreclosure action. This amount clearly was not attributable to any complexity of the case.
In the judgment and order of sale, KTBS was awarded fees well in excess of the $2,000 limit established by KRS 134.452(3)(b), without any finding by the trial court that those fees were warranted by the complexity of the case. As to the issue of fees incurred prior to the entry of the judgment and order of sale, the trial court's decision was final and cannot be undone. However, the trial court acted well within its discretion when it denied additional attorney fees for the collection of a tax bill purchased for $1,943.60.
The order of the Rowan Circuit Court is affirmed except that we remand for the circuit court to award KTBS interest, pro rata, on the underlying certificate from the date of the judgment of order and sale to the date of the order confirming, order of distribution and order for deed.
ALL CONCUR.

Under the current version of KRS 360.040(1), the statutory interest rate is now 6%.