RENDERED: FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0578-MR

JP MORGAN MORTGAGE
ACQUISITION CORP.                                                    APPELLANT


|  | APPEAL FROM FRANKLIN CIRCUIT COURT |
| v. | HONORABLE THOMAS D. WINGATE, JUDGE |
|  | ACTION NO. 20-CI-00241 |


BRYAN C. HIX, ADMINISTRATOR
OF THE ESTATE OF JOHN R.
FERGUSON, JR.; CHRISTOPHER R.
EDEN; CITY OF FRANKFORT;
COMMONWEALTH OF KENTUCKY,
DEPARTMENT OF REVENUE,
INHERITANCE TAX DIVISION;
LUCY EDEN; MISTY FERGUSON;
PATRICIA LEIGH FERGUSON, AKA
PATRICIA TINKER FERGUSON;
STEWART C. BURCH, SPECIAL
MASTER COMMISSIONER;
UNKNOWN HEIRS, DEVISEES, OR
LEGATEES, AND THEIR SPOUSES,
IF ANY, OF JOHN R. FERGUSON,
JR.; UNKNOWN OCCUPANT, IF
ANY OF 115 FARMERS LANE,
FRANKFORT, KENTUCKY 40601;
UNKNOWN SPOUSE, IF ANY OF
PATRICIA LEIGH FERGUSON AKA
PATRICIA TINKER FERGUSON;

UNKNOWN SPOUSE, IF ANY, OF
JOHN R. FERGUSON, JR.; AND
UNKNOWN SPOUSE, IF ANY, OF
MISTY FERGUSON                                                                    APPELLEES


AND



NO. 2022-CA-0650-MR


JP MORGAN MORTGAGE
ACQUISITION CORP.                                                                APPELLANT



                        APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE THOMAS D. WINGATE, JUDGE
                                ACTION NO. 20-CI-00241



BRYAN C. HIX, ADMINISTRATOR
OF THE ESTATE OF JOHN R.
FERGUSON, JR.; CHRISTOPHER R.
EDEN; CITY OF FRANKFORT;
COMMONWEALTH OF KENTUCKY,
DEPARTMENT OF REVENUE,
INHERITANCE TAX DIVISION;
LUCY EDEN; MISTY FERGUSON;
PATRICIA LEIGH FERGUSON, AKA
PATRICIA TINKER FERGUSON;
STEWART C. BURCH, SPECIAL
MASTER COMMISSIONER;
UNKNOWN HEIRS, DEVISEES, OR
LEGATEES, AND THEIR SPOUSES,
IF ANY, OF JOHN R. FERGUSON,
JR.; UNKNOWN OCCUPANT, IF
ANY OF 115 FARMERS LANE,
FRANKFORT, KENTUCKY 40601;
UNKNOWN SPOUSE, IF ANY OF

PATRICIA LEIGH FERGUSON AKA
PATRICIA TINKER FERGUSON;
UNKNOWN SPOUSE, IF ANY, OF
JOHN R. FERGUSON, JR.; AND
UNKNOWN SPOUSE, IF ANY, OF
MISTY FERGUSON                                                      APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND EASTON, JUDGES.

CETRULO, JUDGE:  This is a consolidated appeal resulting from a Franklin Circuit Court foreclosure action.  After a judgment and order of sale, the trial court subsequently entered an order allocating administrator attorney fees and burial expenses out of the residue of the sale.  Finding no error, we affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Appellant J.P. Morgan Mortgage Acquisition Corporation ("JP Morgan") commenced this action to foreclose upon its mortgage encumbering real property located at 115 Farmers Lane in Frankfort (the "property").  The mortgagor, John Ferguson, predeceased the filing of the complaint.  Appellee, Bryan Hix, ("Administrator") was appointed as the public administrator of the estate in order for the action to proceed.  The Administrator's answer to the complaint demanded estate costs, including burial expenses, and sought payment

-3-

of the Administrator's fees, but otherwise generally agreed that the property should be sold. Other potential heirs of the estate were joined by an amended complaint, and in January 2022, JP Morgan filed a motion for summary judgment and order of sale. Neither the Administrator nor any of the named appellees responded or objected. Indeed, all parties to this appeal agreed that the property was the only real asset of the estate and needed to be sold.

On February 16, 2022, the trial court granted JP Morgan's motion and entered the *In Rem* Final Judgment and Order of Sale ("February Order of Sale"). That February Order of Sale was tendered by JP Morgan and recited that the total owed to JP Morgan, with attorney fees, assessments, taxes, and insurance was $92,978.92. An *in rem* judgment was entered in favor of JP Morgan for that amount. Additionally, the February Order of Sale contained the following provisions:

> The proceeds of the sale shall be applied and distributed in the following order:
>
> 1. To the *costs of this action*;
> 2. All real estate taxes due and owing at the time of the sale shall be paid from the proceeds, including any attorney fees owed on delinquent real estate taxes;
> 3. To the full satisfaction of the lien in favor of Plaintiff, including reimbursement for its costs and attorney's fees as set forth herein; and
> 4. The Master Commissioner shall hold any remaining proceeds of said sale *until further order of this Court*.
>
> . . .

-4-

> This action is retained to confirm the [Master] Commissioner's Sale, distribute the proceeds, and *for such further proceedings as may be necessary*.
>
> The right is reserved to [JP Morgan] to make later claim for amounts advanced for taxes, insurance, assessments, or sums expected pursuant to [Kentucky Revised Statute] KRS 426.525, and other levies and costs and fees paid by [JP Morgan], including attorney's fees and the issue of said [JP Morgan's] recovery herein of such sums in this action is reserved for later adjudication.

*J.P. Morgan Mortg. Acquisition Corp. v. Hix*, Franklin Circuit Court Case No. 20-CI-00241, *In Rem Final Judgment and Order of Sale* (filed Feb. 16, 2022) (emphasis added).

A few weeks later, the Administrator filed a motion seeking an order taxing as costs the unpaid legal and administration fees and the burial expenses. JP Morgan objected to this motion but after a hearing, the trial court entered an order taxing those expenses as costs of the action ("April Costs Order").[1] Specifically, the April Costs Order stated:

> [T]he services of the Franklin County Public Administrator, appointed by the courts to fulfill the fiduciary obligations of the estate's administration, were necessary and proper to this proceeding and equivalent to the services that would have been necessary from a warning order attorney, As such, the Public Administrator's services . . . should be compensated with a reasonable fee . . . . Further, the funeral and burial

---

[1] The ruling indicates that this followed a hearing and the motion was noticed for a motion docket but the record does not contain any video recordings.

> expenses paid . . . entitles her to preferred creditor status. The real property at issue is the only asset of the estate.
>
> . . .
>
> The fees and costs incurred by the Estate in the handling of the estate and of this litigation in the amount of $5,730.50 and the preferred claim . . . in the amount of $5,995.00 for funeral and burial expenses shall be *taxed as costs* and paid by the special Master Commissioner from the proceeds of the sale of the real property at issue.

*J.P. Morgan Mortg. Acquisition Corp. v. Hix*, Franklin Circuit Court Case No. 20-CI-00241, *Order Taxing Claims As Costs* (filed Apr. 20, 2022) (emphasis added).

The April Costs Order resulted in the first notice of appeal to this Court. Of course, the property still remained to be sold and it was sold on April 25, 2022 for $115,000.00, resulting in more funds than were owed to JP Morgan under the court's February Order of Sale. The master commissioner then filed a motion to confirm the sale of the property and proposed an order of distribution approving payment of the master commissioner's fees and expenses of the sale, the Administrator's fee, and the funeral expenses. The total remaining was $98,563.33, which was to be paid to JP Morgan, per the master commissioner's report. This represented $5,584.41 more than JP Morgan was to have received pursuant to the February Order of Sale in its favor.

Still, JP Morgan objected, again claiming that the estate fees and costs and burial expenses were not to be paid under the February Order of Sale and that

-6-

the court had lost jurisdiction to amend that final judgment and award those costs. The trial court disagreed and confirmed the Order of Distribution and Sale in May 2022 (the "May Distribution Order"), resulting in the second notice of appeal to this Court. These two appeals were consolidated by this Court.

## II. STANDARD OF REVIEW

JP Morgan contends that the trial court was without jurisdiction to amend the February Order of Sale and that the standard of review in reviewing jurisdiction is *de novo*. However, we do not agree that the subsequent orders of the court below were amendments of the February Order of Sale. To the contrary, these subsequent orders were simply actions to enforce the judgment and to distribute the proceeds in keeping with the court's obligations for a judicial sale.[2]

The appeals herein are from the trial court's orders awarding costs and fees to a public administrator and representative of the estate. Under Kentucky law, an award of attorney fees is reviewed by this Court using an abuse of discretion standard. *Allison v. Allison*, 246 S.W.3d 898, 909 (Ky. App. 2008) (citation omitted); *see also Miller v. McGinty*, 234 S.W.3d 371, 373 (Ky. App. 2007). Similarly, an award of costs is generally viewed as being within the

---

[2] After the judicial sale of real property, an order confirming the sale is also considered a final and appealable order. *Maynard v. Boggs*, 735 S.W.2d 342 (Ky. 1987); *Young v. U.S. Bank, Inc.*, 343 S.W.3d 618 (Ky. 2011); *U.S. Nat'l Bank Ass'n v. Am. Gen. Home Equity, Inc.*, 387 S.W.3d 345 (Ky. App. 2012). It is reasoned that the appeal from an order of sale solely adjudicates the validity of the underlying claim precipitating the sale while a judgment from an order of confirmation adjudicates the validity of sale procedures and distribution of proceeds therefrom.

discretion of the trial court. *Lewis v. Charolais Corp.*, 19 S.W.3d 671 (Ky. App. 1999). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

### III.   ANALYSIS

We find no abuse of discretion by the Franklin Circuit Court; the trial court specifically retained its rights to determine costs and fees incurred and to make further orders upon the conclusion of the sale.

A final judgment and order of sale is a final and appealable order. *Sec. Fed. Sav. & Loan Ass'n of Mayfield v. Nesler*, 697 S.W.2d 136, 139 (Ky. 1985). "[A]n order directing property to be sold in satisfaction of a judgment is a final judgment. The order to sell the property was a direction to perform an administrative act. The necessity to make a report of that action does not prevent the judgment from being final and appealable." As such, we agree with JP Morgan that the February Order of Sale was a final and appealable judgment.

Also, "this Court has consistently recognized that a foreclosure action is a multifaceted proceeding from which multiple final and appealable orders may arise." *Kentucky Tax Bill Servicing, Inc. v. Fultz*, 567 S.W.3d 148, 152 (Ky. App. 2018). Even though the February Order of Sale was a final and appealable order, it is also true that subsequent orders confirming sales are similarly final and

appealable. *Young*, 343 S.W.3d at 620-21. Further, the trial court in such actions does generally retain the matter on the docket to marshal assets, conduct the sale, and distribute the proceeds. *Id.* at 621. That is exactly what the wording of the February Order of Sale did, preserving the right to make further orders after full satisfaction of the lien of JP Morgan, and specifically directing the payment of the costs of the action.[3]

As the trial court stated in its April Costs Order, the appointment of a public administrator in this instance was necessary for the action to proceed. In the answer to the complaint, the Administrator pled that his fees and costs should be paid from the proceeds of any sale and that the property should be sold. It was further asserted therein that burial expenses should be paid as preferred creditors of the estate, and that the lien of JP Morgan should be satisfied. There was nothing that the Administrator needed to appeal in the February Order of Sale as there was no dispute about the lien amount claimed by JP Morgan nor with the order of sale. We agree with the trial court that the payment of fees assessed by the Administrator is the equivalent of a warning order or guardian *ad litem* fee that the court can certainly assess as a reasonable *cost of the action*. The trial court's

---

[3] JP Morgan argues that the February Order of Sale inappropriately attempted to change the priority of the claims pursuant to Kentucky Rule of Civil Procedure 59.05. However, we do not agree. The April Costs Order and May Distribution Order did not change or affect the order of priorities; the subsequent orders merely completed the administrative necessities of a master commissioner sale.

February Order of Sale permitted the court to award those very costs and to make those costs the first priority of the proceeds of the sale. The Administrator then properly submitted his motion for the specific amount of those costs and burial expenses and the court granted that motion, treating that as a motion for costs, and acting therefore within its discretion and in keeping with its prior order. Similarly, we note that the court below could have simply awarded JP Morgan the total amount of the *in rem* judgment of $92,978.92, and the remaining proceeds received from the sale could have been considered in "further orders of the Court" as previously stated.

In *Fultz*, this Court recognized that foreclosure actions are multi-faceted and multiple final and appealable orders may arise. *Fultz*, 567 S.W.3d at 152. Indeed, Appellant filed two separate appeals in this case. In *Fultz*, the Court specifically held that the trial court could properly consider such issues as post-judgment interest when it later considered the distribution of the sale proceeds.

## IV. CONCLUSION

We conclude that the trial court herein properly considered these costs of the action and did not abuse its discretion in later upholding the master commissioner's order of distribution which was also in keeping with its earlier judgment. Accordingly, we AFFIRM.

DIXON, JUDGE, CONCURS.

EASTON, JUDGE, CONCURS AND FILES SEPARATE OPINION.

EASTON, JUDGE, CONCURRING:  I agree with the result reached by the majority Opinion.  The second appealed order did not alter the first but rather enforced it by determining what the "costs" were for purposes of distribution.  I write separately to state the merits of the appeals were rendered moot in the circumstances of this case.  *Louisville Transit Co. v. Dep't of Motor Transp.*, 286 S.W.2d 536 (Ky. 1956).

It was understandable for JP Morgan to file the first appeal to preserve its position that any claims arising from the estate should not be given priority over its secured claim.  The sale may not have brought a high enough bid.  But when the subsequent sale brought sufficient proceeds to satisfy all claims, the first appeal should have been dismissed and the second one not filed.

The circuit court's ruling of placing both the public administrator's costs and fees and the burial expenses within the priority "costs" category of its judgment and order of sale presents challenges on the merits.  Administrative costs and expenses as well as burial expenses have a statutory priority when the assets of the estate are administered in probate.  Kentucky Revised Statute ("KRS") 396.095.  Even so, KRS 396.011(2)(a) clearly protects a secured claim fully to the extent of the value of the property secured.

-11-

This action is not to settle an estate, although the public administrator could have proceeded by an action under KRS 395.515 to sell this sole asset. It is instead a mortgage foreclosure proceeding. Ancient precedent might have authorized the circuit court to allocate the administration costs and fees as a cost with priority over the mortgage lien in the circumstances of this case involving a single estate asset. *See Sumrall v. Vanarsdall's Adm'r*, 111 S.W.310 (Ky. 1908). With respect to burial expenses, they may not be given such a priority. *Graham v. Graham's Adm'x*, 306 S.W.2d 831 (Ky. 1957).

The problem is these questions were rendered academic when the sale produced enough proceeds to pay JP Morgan in full what was owed to it. What happened to the remaining funds is no longer its concern. JP Morgan's priority debt having been satisfied, the excess funds go to the estate and would have been used to satisfy the administrative costs and fees as well as the burial expense. If any funds remain after all these payments, the funds belong to the estate for distribution to either other creditors or heirs. JP Morgan may only receive its payment in full, nothing more. JP Morgan got all it was entitled to in the distribution order from which it appealed. This appeal is moot and should be dismissed.

BRIEF FOR APPELLANT:

Brian E. Chapman
John R. Tarter
Cincinnati, Ohio

BRIEF FOR APPELLEE
BRYAN C. HIX, ADMINISTRATOR
OF THE ESTATE OF JOHN R.
FERGUSON, JR.:

Bryan C. Hix
Frankfort, Kentucky